[Crim. No. 789. First Appellate District.—August 15, 1918.]

## THE PEOPLE, Respondent, v. HARRY OUBRIDGE, Appellant.

CRIMINAL LAW—EVIDENCE—DEFENDANT AS WITNESS—CROSS-EXAMINATION—PREVIOUS CONVICTION.—One charged with attempting to pass a fictitious check and with a prior conviction of forgery, who on arraignment admits the prior conviction, may nevertheless, if he offers himself as a witness on the trial, be asked on cross-examination if he has ever been convicted of a felony.

ID.—TESTING CREDIBILITY OF DEFENDANT WITNESS.—A defendant who offers himself as a witness is subject to the same rules for testing his credibility by impeachment or otherwise as other witnesses.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Fred W. Moore, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by information with the crime of attempting to pass a fictitious check and with a prior conviction of forgery. He was tried, convicted, and sentenced under the indeterminate sentence law.

The only point urged for reversal is that the court erred in permitting the district attorney to ask defendant,

who had taken the stand in his own behalf, upon cross-examination if he had ever been convicted of a felony. It has been held that "where a defendant, though admitting the charge of prior conviction upon arraignment, becomes a witness in his own behalf, he may be asked if he has ever been convicted of a felony. Such conviction may be proved as affecting his credibility as a witness." (*People* v. *Martini*, 21 Cal. App. 743, [132 Pac. 1069].) When the defendant offers himself as a witness he becomes subject to the same rules for testing his credibility before the jury, by impeachment or otherwise, as any other witness. In the case of *People* v. *Oliver*, 7 Cal. App. 601, [95 Pac. 172], the court said: "It is clear that it was not the intention of the legislature, by the re-enactment of section 1025 (Penal Code), any more than it was by the enactment of section 1323, to give to a defendant the opportunity of making any statements upon his direct examination, that he might choose, and preclude the prosecution from testing the truth or falsity of such statements, or to prevent the people from impeaching the defendant's testimony by the same rules applied to the testimony of other witnesses."

Judgment and order affirmed.