[Crim. No. 996. First Appellate District, Division One.—September 2, 1921.]

THE PEOPLE, Respondent, v. JAMES BISHOP, Appellant.

[1] CRIMINAL LAW — AIDING AND ABETTING MURDER — SUFFICIENCY OF INFORMATION.—An information expressly charging that at a certain time and place a named person did kill and murder the deceased in the defendant's presence, and that the defendant then and there aided and abetted the commission of the crime, is sufficient, and more favorable to the defendant than if it had been drawn in the language of the statute.

[2] ID.—ACCUSATION OF PARTICIPATION—SILENCE OF DEFENDANT—EVIDENCE.—In a prosecution for aiding and abetting a murder, testimony that the defendant sat silent when, shortly after the crime, the murderer in defendant's presence stated to the officers that defendant had participated in the commission, was admissible.

[3] ID. — INCONSISTENT STATEMENTS OF ACCUSER — EVIDENCE. — Testimony as to the making of certain statements by the murderer at other times and places inconsistent with the statement made in the defendant's presence accusing defendant of participation in the commission of the crime was not admissible where the murderer did not testify, since the incriminating testimony was admitted solely for the purpose of showing the conduct of the defendant in the face of the accusation.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

2. Uncontradicted statement in presence of accused as confession, notes, 25 L. R. A. (N. S.) 542; 42 L. R. A. (N. S.) 889.

The facts are stated in the opinion of the court.

Chas. B. Rosendale for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from the judgment upon conviction of the defendant upon a charge of murder in the second degree.

[1]  The appellant's first contention is that the trial court was in error in overruling the defendant's demurrer to the information.

The form of the information was unusual in that its drawer did not content himself with following the language of the statute in relation to the charge of murder, but undertook to set forth the details of the homicide which was committed by one Walter Lee Smith upon the decedent, the murder of whom by said Smith the defendant was specifically charged with having aided and abetted. We think the objection which the defendant urged to the information in this form was hypercritical and unsustained by the cases which are cited by him in its support. The information expressly charges that at a certain time and place the said Walter Lee Smith did kill and murder the decedent in the defendant's presence, and that he then and there aided and abetted the commission of the crime. The defendant was thus informed in a much more precise and detailed and definite manner than he would have been had the charge been general and in the language of the statute just what the accusation was which he was expected to meet, and the information was to that extent more favorable to him than it might have been had it been drawn in the language of the statute. His demurrer to it was, therefore, without merit, and was properly overruled.

[2]  The appellant's next contention is that the trial court improperly overruled the defendant's objection to certain testimony offered by one J. A. Cornett. This testimony related to the acts and conduct of the defendant when, shortly after the crime and the detention of said Smith and himself upon suspicion of being the perpetrators, said Smith in a statement to the officers of the law

made in the presence of the defendant stated that he, the defendant, had participated in the commission of the crime. The defendant sat silent when this statement was being made; and his act and conduct in so doing was the subject of Cornett's testimony to the admission of which the defendant objected. In support of his said objection the defendant's counsel asked and was accorded permission to examine the witness as to the circumstances immediately preceding and attending the statement of Smith, from which it appeared that the defendant a few minutes previous to the taking of said Smith's statement had been separately questioned by the officers of the law as to his knowledge of and part in the homicide, and had therein denied that he had aided and abetted Smith in the perpetration of the crime. Immediately thereafter Smith was questioned in his presence and in the presence of some twelve or fifteen other people, and then made the incriminating statements above referred to. After bringing out these facts by his examination of the witness Cornett the defendant objected to his testimony, and now urges error in the trial court in overruling said objection.

We think the point is not well taken. The rule is well established by a consistent line of cases in this and other jurisdictions that the acts and conduct of an accused person, when a statement of his guilty participation in the crime is made in his presence, may be presented to the jury as circumstances tending to show an implied admission of the truth of such statements. (1 Greenleaf on Evidence, secs. 197, 215; Joy on Confessions, 77; *Rex* v. *Bartlett,* 7 Car. & P. 832; *People* v. *McCrea,* 32 Cal. 98; *People* v. *Ah Yute,* 53 Cal. 614; *People* v. *Mallon,* 103 Cal. 513, [37 Pac. 512]; *People* v. *Luie Foo,* 112 Cal. 24, [44 Pac. 453]; *People* v. *Amaya,* 134 Cal. 531, [66 Pac. 794].) It is to be noted in this connection that the trial court in its charge to the jury expressly limited the purpose for which the statements of Smith, as testified to by Cornett, and the conduct of the defendant while such statements were being made, were admitted, to that above stated. Clearly, the testimony of Cornett for such limited purpose was admissible in the light of the above authorities; and hence the defendant's objection to the admission of this evidence was properly overruled.

[3] The appellant's next contention is that the trial court committed error in its refusal to admit in evidence the offered testimony of Leo F. Ferris and William Rambeau, two witnesses called on behalf of the defendant to testify to the making of certain statements by Walter Lee Smith at other times and places contradictory to and inconsistent with the statements made by said Smith in the defendant's presence and to which the witness Cornett had testified. The record discloses that Walter Lee Smith did not testify upon the trial of the defendant, having refused so to do upon the statutory ground. This being so the testimony of these two witnesses was offered not to contradict or impeach Smith as to the truth of any testimony he had given as a witness in the case, but solely for the purpose of showing that Smith's former and extrajudicial statement as testified to by Cornett was untrue; but the truth or falsity of this statement of Smith was not an issue upon the defendant's trial, and was not material, since the sole purpose of its introduction, and to which it was strictly limited by the court's instruction, was to show the conduct of the defendant when this statement of Smith made in his presence implicated him in the commission of the crime. This being so, the offered evidence of these two witnesses as to the making of other and inconsistent statements by Smith was immaterial and was properly excluded by the trial court.

The appellant's final contention is that the evidence is insufficient to justify the verdict of the jury. We have carefully examined the transcript of the testimony and are satisfied that this contention is without substantial merit.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.