[Crim. No. 1303. Second Appellate District, Division Two.—December 22, 1925.]

## THE PEOPLE, Respondent, v. JOHN D. McDERMOTT, Appellant.

[1] CRIMINAL LAW—ACCOMPLICE—UNDISPUTED FACTS—INSTRUCTIONS. In a criminal prosecution, where the question as to whether or not a witness was an accomplice, under the evidence, is not disputed, it is one of law for the trial court, and an instruction "that an accomplice is one who knowing that a crime is being committed wilfully and with criminal intent, intentionally aids, abets and assists another in the commission of such crime, or criminal act, and whether or not one is an accomplice as defined by these instructions, is for the jury to determine from all the testimony and circumstances in the case," should not be given.

[2] ID.—INSTRUCTIONS—ABSENCE OF PREJUDICE.—In such a prosecution, the giving of such an instruction will not be held reversible error where in other instructions given, the definition of an accomplice is correctly stated, as also is the rule that the defendant may not be convicted on the uncorroborated testimony of an accomplice, and that the corroborating evidence is not sufficient if it merely shows the commission of the crime and the circumstances thereof, but that such corroborating evidence must tend to connect the defendant with the commission of the crime, and it is inconceivable that such erroneous instruction in any way prejudiced any right of defendant.

[3] ID.—CORROBORATION—EVIDENCE—VERDICT.—In a criminal prosecution, the testimony, independent of that of the accomplice, need not be sufficient to convict; and in this prosecution for robbery, although the corroborating evidence was not conclusive of the guilt of defendant, it was sufficient and, together with the testimony of the accomplice, amply supported the verdict and judgment of conviction.

(1) 16 C. J., p. 928, n. 78, p. 1000, n. 92. (2) 17 C. J., p. 226, n. 72, p. 339, n. 64. (3) 16 C. J., p. 711, n. 21, p. 712, n. 30.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. See 8 Cal. Jur. 278; 1 R. C. L. 158.
3. See 8 Cal. Jur. 178; 1 R. C. L. 168.

Homer C. Mills for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Carlton Bainbridge for Respondent.

CRAIG, J.—The defendant and appellant was convicted upon an information filed by the district attorney of Los Angeles County, charging him with having wilfully, unlawfully, and feloniously, by means of force and fear, robbed, stolen, taken, and carried away from the person, possession, and immediate presence of Edward A. French and Charles Kellogg the sum of three thousand four hundred dollars. He appeals from the judgment, and from an order denying his motion for new trial, upon two grounds: (1) That the evidence was insufficient to support the verdict and judgment, and (2) that the trial court erred in instructing the jury that it lay within their province to determine whether or not the principal witness for the People was an accomplice.

[1] The following instruction, the giving of which is assigned as error, will first be considered:

"The court instructs the jury that an accomplice is one who knowing that a crime is being committed wilfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime, or criminal act, and whether or not one is an accomplice as defined in these instructions, is for the jury to determine from all the testimony and circumstances in the case."

We think it clear that upon the facts here presented this instruction should not have been given. The uncontradicted evidence shows that the People's witness, Sova, was the principal actor in the robbery of French and Kellogg, and that if the accused participated in it as testified by Sova, the latter was an accomplice in the crime. In fact, it was admitted both by the People and by the defense, and the testimony of every witness, including Sova himself, established to the point of demonstration, that he robbed the bank, was caught with the money in his possession, and at once confessed. When the question as to whether or not a witness is an accomplice, under the evidence, is not disputed, it is one of law for the trial court, and it is its

duty so to instruct the jury. (*People* v. *Howell*, 69 Cal. App. 239 [230 Pac. 991].) In *People* v. *Coffee*, 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901], the supreme court said: "Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which admittedly, if he did do them, make him an accomplice, the jury's finding upon familiar principles, is not disturbed. But where the facts are not in dispute, where the acts and conduct of the witnesses are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice."

[2] And so in the instant case the jury should have been instructed that Sova must be regarded as an accomplice. That question should not have been left to it to determine. However, it must be presumed that the jurors observed and applied the instructions given them. In other instructions the definition of an accomplice was correctly stated, as also was the rule that the defendant may not be convicted on the uncorroborated testimony of an accomplice, and that the corroborating evidence is not sufficient if it merely shows the commission of the crime and the circumstances thereof; and further, that such corroborating evidence must tend to connect the defendant with the commission of the crime. Hence, it is inconceivable that the erroneous instruction given in any way prejudiced any right of the appellant.

[3] We now proceed to consider the other ground urged for reversal, to wit, the claim that the evidence is insufficient to support the verdict and judgment. It is conceded that this point is not well taken if the testimony of Sova was so corroborated as to meet the requirements of the law for a conviction in such cases.

It appears without contradiction that on the afternoon of May 22, 1925, as the president of the First Exchange State Bank, in the city of Los Angeles, was leaving his office for luncheon, he met the defendant at the front door of the bank; that the latter had previously had some negotiations with him for the exchange of real estate, and defendant on the occasion in question stated that he desired an interview; that the president of the bank then said that he would return shortly, whereupon appellant remarked that

he would wait for him at the bank. Two tellers of the bank, French and Kellogg, who are named in the information, were the only other persons present at the time. McDermott entered and stepped to a counter, and began to use a telephone which was there maintained for customers' use.

As appellant stood at the telephone, a man, thereafter identified as Robert Sova, walked in the front door, masked the lower half of his face with a handkerchief which he wore about his neck, menacingly pointed a revolver at first one and then another of the three persons present, and commanded, "Stick up your hands!" Sova then ordered appellant to pull down the window-shades, which he did, then lined up the tellers and McDermott, with their faces toward the wall; and, rushing behind the counter, hurriedly rifled money-drawers, from which he stole a large sum of money, and departed through the rear doorway. French then immediately placed his foot upon the burglar-alarm, and seized the telephone to call police officers, but, on second thought, left this duty to McDermott, who completed the call. French then took a revolver and ran out through the front door, in search of Sova, whom he saw trying to start a Chevrolet automobile, on East 110th Street; he shouted to two men who stood near the machine, "That is the man, get him," whereupon one of the men—who later proved to be a Mr. Johnson, and who knew both French and McDermott—noticing that Sova was covering Johnson's companion with a gun, disarmed Sova, entered the machine, and was driving it toward the bank, when he met McDermott, who was running down the street and shouting, "That is my car!" Johnson, thinking that the car had been stolen, called to McDermott, "Don't shoot, Mister!" but stated that although McDermott appeared to be much excited, he was not armed. When the party arrived at the bank the officers were there and Sova was arrested, the money was recovered, the Chevrolet delivered to appellant, and Sova was taken to the sheriff's office, where he made a written statement; appellant remained at the bank for a short period of time, then left, but he returned to the bank in about half an hour. In the statement made by Sova shortly after his arrest he assumed entire responsibility for the robbery and made no mention

of McDermott, but stated that he, Sova, was attempting to escape in the Chevrolet, which he noticed standing on the street.

On May 27th Sova made a second statement, wherein he implicated McDermott for the first time, stating that the latter originated the scheme to rob the bank, talked it over with him on the 21st, drew a sketch of the premises, and furnished the machine; that each of them procured a revolver, one of which Sova stole from the Flintridge Country Club.

Appellant was arrested on May 29th, and an information was filed charging him as we have heretofore noted. Sova was also charged with the same offense, but had not been tried at the time of the proceedings brought here for review. Sova reiterated in his testimony the statements which he made on May 27th, but in greater detail. He testified that he first met McDermott through a man named Jim, at Tonopah, Nevada, while working at a mine; that he did not know anyone by the name of Pete; that Jim had since been in Los Angeles, but had returned to Nevada; that McDermott induced him to join in a plan to make some money, saying, "We will go and rob a bank"; that there would be about $15,000 available; that when they went to the bank McDermott told Sova that the latter could do the job, as McDermott had a mark on his lip, and that he would be more easily identified. Sova then swore to all of the details of the holdup, of the escape and his arrest, as we have recited them. It was proven by other witnesses that the only "Jim" known to have been seen with Sova in Los Angeles was James Doyle, the owner of the automobile service station visited by Sova, and who was a witness for the prosecution, but he testified that he had never been at a mine in Nevada; that there was in fact a "Pete" working at his station at the time of the trial whom Sova knew, but that he, also, had not been at Tonopah. McDermott, it appeared, had been engaged in the real estate business in the vicinity of the bank for a period of about two years; he had negotiated for a sale or trade of Santa Ana property for the president of the bank and the latter's property was still open for a trade at the date of the robbery.

Aside from the testimony of the accomplice Sova the following constitutes the principal evidence tending to cor-

roborate his story of the appellant's participation in the commission of the crime. Sova's hat and coat were found in the Chevrolet sedan belonging to McDermott. This must be regarded as corroborating that part of Sova's testimony in which he said that he rode to the place where the car was parked by McDermott in the latter's car, and that the witness left his hat and coat in the car while he committed the robbery; it appears from the testimony that Sova did not wear his hat and coat while in the bank committing the crime. The witness Johnson testified that after the robbery he told appellant, in effect, that it might be thought that he was implicated in the robbery, and that he made no denial of such assertion. Again, there was evidence that McDermott speeded his car, disregarding a siren by officers, and passed his home, pursued by them; that they found it necessary to crowd his car to the curb, to stop him; and this in spite of the fact that it appears that the appellant knew the officers and that he saw them coming. One Doyle testified that appellant was at the witness' auto park on the day before the robbery, in company with Sova, and that these two remained there together in McDermott's car for at least an hour. Yet, when McDermott saw Sova at the bank immediately after the robbery without a mask he gave no sign of recognizing him. Doyle also said that McDermott had owed him money, and when asked to pay had replied, ''Jim, I am going to get you that money if I have to take a gun and go out and get it.'' Another circumstance which the jury was entitled to regard was the fact that McDermott parked his car in the rear of the bank; he admitted that there was ample room in front of it. There were several other facts of lesser importance having some tendency to prove a consciousness of guilt on the part of appellant. Although the corroborating evidence is not conclusive of his guilt, we think it was sufficient. The testimony, independent of that of the accomplice, need not be sufficient to convict. (*People* v. *Blunkall,* 31 Cal. App. 778 [161 Pac. 997]; *People* v. *Sullivan,* 144 Cal. 471 [77 Pac. 1000].)

The judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 21, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1926.