[Crim. No. 1496.  First Appellate District, Division Two.—October 25, 1928.]

THE PEOPLE, Respondent, v. ROY ROGERS, Appellant.

Harry S. Whitthorne for Appellant.

U. S. Webb, Attorney-General, and W. Augustine, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—This is an appeal from a judgment of conviction of violating section 2 of chapter 339 of the Statutes of 1923, making a felony of carrying concealed weapons by one previously convicted of a felony. The information under which the defendant was tried charged three prior convictions of felony,—the first, July 4, 1918; the second, burglary at San Francisco, January 26, 1922, and the third, carrying concealed weapons in Humboldt County, March 20, 1924. Upon arraignment the defendant denied the first prior alleged but admitted the second and third.

Notwithstanding these pleas the clerk in reading the information to the jury read the second prior which the defendant had admitted instead of reading the first prior which the defendant had denied. In submitting the case to the jury, the court submitted forms of verdicts upon the second and third priors. The reading of the information by the clerk in the manner stated was a violation of Penal Code, section 1025, and of subdivision 1 of the Penal Code, section 1093. In submitting to the jury as an issue the confessed prior convictions alleged second and third in the information, the court violated sections 1025 and 1158 of the Penal Code. That the foregoing proceedings at the trial amounted to error admits of no doubt, but whether such error requires a reversal of the judgment depends upon whether the record shows that a miscarriage of justice has occurred.

The defendant also urges as ground of appeal the cross-examination of the defendant, who was a witness in his own behalf.

"Q. Have you ever been convicted of a felony? A. I have.

"Q. What one? A. Here in San Francisco.

"Q. What one? A. Second degree burglary.

"Q. What else?

"Mr. Whitthorne: I will have to object to it as incompetent, irrelevant and immaterial.

"The Court: Overruled.

"Mr. Skillin: What else? A. Concealed weapon.

"Q. What? A. Humboldt county, 1924.

"Q. For carrying concealed weapons? A. Yes."

These two convictions are the same as the second and third priors alleged in the information. This cross-examination was permissible as impeachment under Code of Civil Procedure, section 2051. It was held in *People* v. *Arnold*, 116 Cal. 682, 687 [48 Pac. 803], that such cross-examination was permissible notwithstanding the provisions of Penal Code, section 1093, and the language used in that decision is broad enough to include the provisions of Penal Code, section 1025, which provides that prior convictions confessed by the defendant shall not be alluded to on the trial. It is there said that the object of the section was to give the defendant the benefit of withholding from the jury the knowledge of such prior convictions in all instances other than where by the conduct of his own case the production of such facts is rendered essential to a proper presentation of the case of the People. (See, also, 8 Cal. Jur., p. 647; *People* v. *Booth*, 72 Cal. App. 160, 166 [236 Pac. 987]; *People* v. *Crowley*, 100 Cal. 478, 482, 483 [35 Pac. 84]; *People* v. *Oubridge*, 38 Cal. App. 68 [175 Pac. 276].)

Eliminating those references at the trial to the priors which were made in violation of the provisions of the Penal Code, there would still remain for the consideration of the jury proof properly received of the same prior convictions. It would not be reasonable to believe that, if the references to prior convictions made by the clerk in reading the information and by the trial judge in giving his instructions had been eliminated, the jury's verdict would have been different where evidence of the same priors remained before them given from the mouth of the defendant himself.

Our examination of the record convinces us that the guilt of the defendant was clearly proven and that a new trial should not be ordered because of the errors committed at the trial in view of the provisions of section 4½ of article VI of the state constitution.

It is therefore ordered that the judgment of conviction be and the same is hereby affirmed.

Nourse, J., and Sturtevant, J., concurred.