[Crim. No. 1492. First Appellate District, Division Two.—November 21, 1928.]

THE PEOPLE, Respondent, v. E. ROSENCRANTZ, Appellant.

W. L. Albert and T. L. Christianson for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was tried before a jury on an information charging the fraudulent making, drawing and uttering a check upon a bank without sufficient funds, and also charging three prior convictions of separate felonies. The defendant denied the first prior conviction alleged and admitted the second and third. The jury found her guilty of the offense charged in the information and also found that she had suffered the first alleged prior conviction. She was thereupon sentenced to the state prison at San Quentin for the term prescribed by law, which, under the terms of

section 644 of the Penal Code, calls for imprisonment for not less than life. From the judgment following the verdict and from the order denying her a new trial the defendant has appealed on a typewritten record.

■ The first prior conviction set out in the information was for fraudulently drawing a check without sufficient funds on January 12, 1920. The defendant denied this conviction and, the issue having been joined, the jury found against the defendant. She now argues that, because she was given probation following that conviction, it might be possible that the plea of guilty had been withdrawn and the charge dismissed. Aside from the fact that it was for the defendant, and not the state, to prove those circumstances if they existed, it is sufficient to say that they are wholly immaterial here. The code section (Pen. Code, sec. 644) relates to a prior conviction of a felony, and not to the manner in which the judgment on the conviction has been expiated. (Pen. Code, sec. 1203, subd. 4.)

■ The second prior conviction set out in the information was alleged to have been for a felony—making and passing a fictitious "instrument." It is now argued that this is not a crime under our code, but that the law covers the making and passing of fictitious bills, checks, and drafts only. Section 476 of the Penal Code expressly denounces the making and passing of "any fictitious bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money—knowing the bill, note, check, or instrument in writing to be fictitious."

■ It is argued that the information is insufficient because it alleges the passing of a check on G. E. and C. A. Anderson, whereas the evidence shows that the check was made payable to the Auditorium Garage and the information fails to show any connection between the Andersons and the Auditorium Garage. If the information was uncertain in this respect the point should have been raised by demurrer, but this was not done. It might be that there is a variance between the pleading and the proof, but this is not the point raised by defendant.

■ Criticism is made of the action of the district attorney in referring to the second prior conviction, to which charge the defendant had pleaded guilty. The refer-

ence was made on cross-examination of the defendant for the purpose of impeachment. This was not error. (*People* v. *Oubridge*, 38 Cal. App. 68, 69 [175 Pac. 276], and cases cited.)

█ It is stated, with apparent lack of confidence in the point, that the trial court erred in not trying the question of insanity. The issue of insanity was not raised by the defendant by plea, but near the close of the trial her counsel suggested to the court that he believed her to be insane and requested leave to change the plea and have the question of insanity submitted to the jury. The only showing in support of the motion was that several years before the trial the defendant had been twice committed to an asylum in this state, but whether the commitments were made upon a finding that she was then insane, or whether she was committed for habitual intemperance, was not made clear. We find no error in the court's ruling.

█ Finally, it is argued that section 644 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1066), and which fixes the term of imprisonment at not less than life where the defendant has been previously three times convicted of a felony is *ex post facto* in that it, in effect, adds new punishment to the previous convictions. "A law is not objectionable as *ex post facto* which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into account and the punishment to be graduated accordingly." (*Ex parte Gutierrez*, 45 Cal. 429, 432, quoting from Cooley's Constitutional Limitations.)

The judgment and order are affirmed.

Koford, P. J., and Sturtevant, J., concurred.