[Crim. No. 111. Fourth Appellate District.—January 20, 1931.]

THE PEOPLE, Respondent, v. CHARLES KNOTH, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—By an information filed by the district attorney of Tulare County appellant was charged with the crime of burglary together with one prior conviction of a felony. He entered a plea of not guilty to the charge of burglary and a plea of guilty to the prior conviction. The jury returned a verdict of guilty of burglary in the second degree, and appellant prosecuted this appeal.

An unoccupied house belonging to J. O. Guill was located west of the town of Goshen in the county of Tulare. In it was a quantity of household furniture. E. C. Featherstone was caretaker of the property and John V. Deniz was employed to pump water for the cattle on the place. All the doors and windows of the house were closed and the exterior doors boarded up on the evening of April 11, 1930. On that date Deniz was at the Guill house and had pumped the water for the cattle. After finishing his task, and as he crossed the road in front of the house on his way home, he noticed an automobile approaching, without its headlights illuminated. It was stopped by the gate to the Guill house. Two men alighted from it and proceeded to the rear of the house. He heard noises at the back door, then saw one of the men return to the automobile, take something from it and return to the rear of the house. He then secured his own automobile and picking up Featherstone and a boy named Wallace Schulz, brought them back to the Guill premises. Deniz then went to call the officers. Featherstone and Schulz saw O. J. Ward come around the house from the rear and approach his parked automobile carrying a bottle or pan of water. Ward told them he was filling the radiator of his car. About the same time Featherstone noticed a man running through a field and away from the house. Schulz followed the fleeing man; but as he was unable to overtake

him, fired some shots at him. Ward called to the man, saying, "Come on in, Charlie." The fleeing man made good his escape.

An examination showed that the boards over the rear door of the Guill house had been torn loose, the door opened and some household effects and a patent toilet removed from the house and placed on the ground outside the door. An iron pinch-bar was found near the door.

During the month of August, 1930, appellant was arrested by the sheriff of Tulare County, in the city of Hanford. After he was confined in the Tulare County jail he made a voluntary statement to a deputy district attorney which was taken down in shorthand by a reporter. In this statement appellant said that he paid Ward two dollars to drive him from Visalia out in the country so that he might dispose of five gallons of wine which he had in his possession; that after he had disposed of the wine Ward stated to him that he wanted to look at a house which he intended to rent and drove to the Guill place; that Ward alighted from the car and went to the rear of the house, appellant remaining seated in the automobile; that after Ward had been gone several minutes appellant proceeded to the rear of the house and found Ward tearing boards from the door; that appellant told Ward not to do this, but that Ward made entry into the house and carried household goods and a patent toilet from the house to the yard; that about this time appellant heard an automobile drive up and stop in front of the house; that appellant told Ward they had better go and then ran across the fields as fast as he could and escaped; that he went to the state of Montana where he remained for some time.

Ward appeared as a witness for the People. He testified that he had known appellant for several months before the burglary and met him on the evening of April 11, 1930, and they formed the plan of driving out to the Guill house to get some household goods to enable appellant to set up housekeeping. Appellant procured the pinch-bar with which the boards were pried off the rear door of the house. The two drove to the Guill place and made entry; that they carried the household goods and patent toilet outside the door and were interrupted by an automobile driving up and stopping in front of the house; that Ward went to his automo-

bile with a bottle of water and appellant ran away as described by the other witnesses.

Appellant contends that the evidence of the accomplice Ward is not sufficiently corroborated to justify a conviction. With this we cannot agree. The law is well settled that the testimony of an accomplice may be corroborated by circumstantial evidence. The conduct of the accused may be examined for corroborating circumstances and if from all the circumstances of the case the guilt of the accused may be fairly inferred, the corroboration is sufficient. (*People* v. *Yeager,* 194 Cal. 452 [229 Pac. 40]; *People* v. *Nikolich,* 93 Cal. App. 356 [269 Pac. 721]; *People* v. *Rogers,* 94 Cal. App. 150 [270 Pac. 712].)

Appellant offered himself as a witness in his own behalf. Upon cross-examination and over his objection, he admitted that he had been convicted of a felony. He assigns this ruling as error, but as the question was asked on cross-examination for the purpose of impeachment there is no merit in this contention. (Sec. 2051, Code Civ. Proc.; *People* v. *Rodgers, supra.*)

Appellant makes complaint of other rulings of the trial court upon objections to questions propounded to various witnesses. There is no merit in any of them and no good purpose can be served by a detailed discussion of them here.

Appellant contends that the evidence showed that Ward was an accomplice and that the court should have instructed the jury to this effect. There can be no question from the evidence but that Ward was an accomplice in the commission of the crime. The failure to give such an instruction, under the circumstances of this case, was held not prejudicial to the rights of the defendant in the case of *People* v. *Ferlin,* 203 Cal. 587 [265 Pac. 230, 236], in which the court said:

"Complaint is made by the defendant that the lower court erred in refusing to charge the jury, as matter of law, that the witness Hill was an accomplice. It is urged that this question, in view of the evidence in the case, was not a proper one to be submitted to the jury for determination. We are of the opinion that the defendant's contention is meritorious. . . . It was the duty of the trial court, therefore, to instruct the jury, as matter of law, that Hill was an accomplice of the defendant. (Citing cases.) However,

this error cannot be said to have prejudicially affected the defendant. In *People* v. *McDermott,* 75 Cal. App. 718 [243 Pac. 485], it is declared that 'the jury should have been instructed that Sova must be regarded as an accomplice. That question should not have been left to it to determine. However, it must be presumed that the jurors observed and applied the instructions given them. In other instructions the definition of an accomplice was correctly stated, as also was the rule that the defendant may not be convicted on the uncorroborated testimony of an accomplice, and that the corroborating evidence is not sufficient if it merely shows the commission of the crime and the circumstances thereof; and, further, that such corroborating evidence must tend to connect the defendant with the commission of the crime. Hence, it is inconceivable that the erroneous instruction given in any way prejudiced any right of the appellant'. ''

Appellant complains of other instructions given by the trial court, and of the refusal to give instructions proposed by him. We have examined all of these instructions and find no error in them. The instructions given fully cover the instructions proposed by the appellant which were refused and there was no error in the trial court's rejecting them.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.