[Crim. No. 2391.  Second Appellate District, Division One.—July 27, 1933.]

THE PEOPLE, Respondent, v. B. B. RICHIEE, Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, J.—By an amended information defendant was accused not only of the crime of assault with a deadly weapon, but as well of theretofore having been convicted of a felony. On arraignment, he admitted the truth of the latter charge, but pleaded not guilty as to the former. Following his conviction of the charge of assault with a deadly weapon, he has appealed from the ensuing judgment and from an order by which his motion for a new trial was denied.

Appellant presents two points for reversal of the judgment: First, that the verdict of the jury was not sustained by the evidence; and secondly, that the trial court committed prejudicial error in that, on cross-examination of defendant as a witness in his own behalf, the trial court permitted the prosecution to inquire of defendant whether he had ever been convicted of a felony.

With reference to the first point, an examination of the transcript on appeal reveals the situation that the evidence offered by the prosecution, although contradicted in many essential particulars by defendant, was ample to sustain the verdict. It would serve no useful purpose to set it forth herein. In accord with a host of authorities, the appellant's position in that regard cannot be sustained.

As to appellant's second contention, although it is presented from an unusual standpoint, by an unbroken line of decisions by the appellate tribunals of this state, the point has been ruled that, notwithstanding an admission by defendant on his arraignment that theretofore he was convicted of a felony, and in consequence of such admission, that ordinarily the fact of his former conviction should "not be alluded to on the trial" (sec. 1025, Pen. Code),— should he become a general witness in his own behalf, his credibility as such witness may be tested in the same manner as the credibility of any other witness may be tested. (*People* v. *Rogers,* 94 Cal. App. 470 [271 Pac. 351]; *People*

v. *Fontes,* 110 Cal. App. 141 [293 Pac. 835] ; *People* v. *Knoth,* 111 Cal. App. 250 [295 Pac. 577] ; 8 Cal. Jur. 647, and authorities in each of such citations respectively noted.)

The judgment and the order by which the motion for a new trial was denied are affirmed.

Conrey, P. J., and York, J., concurred.