[Crim. No. 2750.   Second Appellate District, Division One.—September 16, 1935.]

THE PEOPLE, Respondent, v. GUSTAVE ROSE, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

ROTH, J., *pro tem.*—On March 18, 1935, the rumble seat of an automobile driven by a cigaret salesman was pried open

and a suitcase and hat belonging to the salesman were lifted from the inside. The suitcase contained cartons of cigarets and some miscellaneous articles. By information charging petit theft and prior conviction of a felony, which latter charge defendant admitted, defendant was brought to trial for stealing the cigarets, valued at $20, contained in the suitcase. No one saw defendant open the rumble seat and actually take the articles described. The testimony showed, however, that the salesman parked his car approximately at 3 P. M. and encountered the defendant a few minutes later, whom he knew casually, in company with one Sherman, and that shortly after 3 P. M. defendant and Sherman entered the backyard of a dwelling within a few blocks of where the automobile was parked, one of them carrying a suitcase. An eye-witness testified that he saw defendant and Sherman in the backyard, saw them open the suitcase and take cartons of cigarets out of it, and that both men then left leaving the suitcase and its remaining contents behind. The eye-witness followed them to the front steps of an apartment house a short distance away and saw Sherman wrapping up cartons of cigarets "in a piece of light paper". Shortly thereafter, the witness notified the police and both men were almost immediately arrested. In a search of defendant's room the police found a hat. At the trial the salesman testified that the suitcase and such contents thereof which had been left behind in the backyard referred to were his property, and also that the hat which officers found in defendant's room was his (the salesman's) hat. After defendant's arrest, according to the testimony of one of the police officers, the following conversation took place between the defendant and the officer. " . . . We asked Mr. Rose what he had done with the cigarets and he studied a little while and he said: 'If you boys will give me about half an hour, I will let you know if I am going to have anything to say or not,' and we told him: 'All right,' and we went into the detective bureau, and in about half an hour we went back in the jail, and he says: 'Well, I have decided I am not going to say anything; I am going to try to beat this rap;' that is about the substance of the conversation."

At the trial the defendant denied the above conversation, denied that he had taken the suitcase or hat or anything else out of the rumble seat of the automobile, and asserted he had

no knowledge of or connection with the theft, and he explained the hat was found in his room because it was left there by Sherman. Trial was had by jury, defendant was found guilty, sentenced accordingly, and from the judgment of conviction and the order denying his motion for new trial, defendant prosecutes this appeal.

The first point raised is that the evidence is insufficient to sustain the verdict. The foregoing *résumé* of facts is made only from such evidence with the admissibility of which the defendant does not quarrel. In our opinion it is sufficient to sustain the verdict of guilt. (*People* v. *Gardner*, 125 Cal. App. 192, 195 [13 Pac. (2d) 779].) With reference to the evidence upon which we have relied, defendant in effect concedes its admissibility, but asserts that the evidence of the eye-witness, who saw defendant and Sherman open the suitcase, is not satisfactory in so far as it fixes the identity of the defendant. In this respect, the record shows the following: "Q. Where were you approximately at three in the afternoon when you saw this defendant? A. I was in my kitchen. . . . Q. You recognize the defendant as being one of them? A. Yes, sir."

There can be no question but that the jury was warranted in concluding from the above that the defendant was one of the men seen by the eye-witness in the backyard.

It is next urged that it was error to admit in evidence a conversation between Sherman and one of the police officers, the testimony of the officer showing that the conversation was in the presence of defendant. This conversation was of such a nature that defendant was involved in the commission of the crime by statements made by Sherman. Defendant was asked what he had to say in regard to the statements made by Sherman, and, according to the officers, said: "He did not know anything about it. . . . " At the trial defendant denied being present at the conversation. The objection to the admission in evidence of defendant's statements or acts at such time was properly overruled, as his failure to reply or his activities or his statements, if any, under such circumstances, are properly admissible for the limited purpose of proving the truth of the statements made. (*People* v. *Bishop*, 54 Cal. App. 129, 131 [201 Pac. 328] ; *People* v. *Shelest*, 62 Cal. App. 213, 217 [216 Pac. 389] ; *People* v. *Fay*, 82 Cal. App. 62, 72 [255 Pac. 239].)

Finally, defendant asserts that it was error for the trial court to permit the district attorney to question him concerning the prior felony charged in the indictment which defendant had admitted. (Pen. Code, sec. 1025.) Defendant, however, took the witness stand in his own defense. "When the defendant offers himself as a witness he becomes subject to the same rules for testing his credibility before the jury, by impeachment or otherwise, as any other witness." (*People* v. *Oubridge,* 38 Cal. App. 68 [175 Pac. 276] ; *People* v. *Rogers,* 94 Cal. App. 470, 472 [271 Pac. 351] ; *People* v. *Rosencrantz,* 95 Cal. App. 92, 94 [272 Pac. 786].)

The judgment and order denying defendant's motion for new trial are affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1935.