[Crim. No. 5291.   Second Dist., Div. Three.   Feb. 25, 1955.]

THE PEOPLE, Respondent, v. JAMES REED, Appellant.

118

Alexander L. Oster for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—James Reed was accused by information of grand theft and with having suffered two prior convictions of felonies. He pleaded not guilty and not guilty by reason of insanity, but later withdrew the latter plea. He admitted both prior convictions. In a jury trial he was convicted and he was sentenced to state prison. He made a motion for new trial which was denied and he appeals from the judgment and the order.

The victim of the theft was a Mr. Morphis, defendant's employer. The stolen goods consisted of a portable typewriter worth $99, an electric razor worth $10, and postage stamps of the value of $128, all of which had been taken from the office of Mr. Morphis at his place of business between noon of Saturday and the following Sunday morning. Defendant had access to the office. Mr. Morphis' truck also was missing but was recovered and in it were found the keys which defendant had previously carried. About a week later defendant returned by mail approximately $99 worth of postage stamps. Later when brought to Mr. Morphis' office, defendant surrendered a pawn ticket for the electric razor which he had pawned and stated he had placed the typewriter in a lock box at the Greyhound bus station in San Diego. His defense

at the trial was that on the Saturday night prior to the theft he was in jail for drunkenness; he was released Sunday morning and got drunk again; he remembered nothing thereafter until he awakened in a hotel room in San Diego; he had no reason to steal anything. He had about $65 on Saturday noon; he had a typewriter of his own and didn't need the electric razor which he had pawned for $3.00. He testified that in his opinion the value of the stamps he returned was approximately $75.

The single assignment of error is that the court orally answered questions of the jury upon their return to the courtroom during their deliberations and did not adequately state the law on the issue of intent and also in answer to a further question did not properly state the evidence respecting the necessity for the People to prove that the value of the goods was at least $200 in order to establish the offense as grand theft. The court fairly stated to the jury that if the defendant was intoxicated to such a degree that he was incapable of forming an intent to steal, this would remove one of the elements of the crime. Defendant does not set out any of the instructions that were given on the questions of intent and intoxication except to state that he requested and the court gave an instruction in the language of section 22 of the Penal Code. This was an adequate instruction and the oral statement of the court contained nothing that was in conflict with it.

With respect to the value of the property, the court referred to the uncontradicted evidence that there was at least $75 worth of postage stamps taken which manifestly related to the defendant's testimony. The court also stated that there was testimony that $138 worth of postage stamps were taken. Although the court did not in so many words state that the $75 figure had been testified to by the defendant, there is no reason to believe that the jurors would not have had that fact in mind. The court stated that if the value of the goods stolen was found to be more than $200 the crime would be grand theft; otherwise it would be petty theft.

The trial court committed no error. The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.