[Crim. No. 1504.   Fourth Dist.   Apr. 10, 1959.]

THE PEOPLE, Respondent, v. JAMES R. WADE and RAYMOND FRENCH, Appellants.

Raymond French, in pro. per., and Russell Behrens, under appointment by the District Court of Appeal, for Appellant French. No appearance for Appellant Wade.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

STONE, J. pro tem.*—An information was filed by the district attorney of Orange County charging appellants with the crime of robbery, a violation of Penal Code, section 211. It was alleged that they used a loaded revolver to rob one Chester Holcomb of money. They entered pleas of not guilty and after a trial by jury each was found guilty as charged in the information. Each in propria persona filed a notice of appeal from the judgment and from an alleged order denying a new trial.

Defendant Wade failed to take any steps to perfect his appeal. By his notice he purported to appeal from an order denying a motion for a new trial as well as the judgment, but a review of the record fails to reveal any such motion or order. He did not file a brief or any type of memorandum nor did he make any appearance subsequent to filing his notice of appeal. The court, having reviewed the record in this case, as will hereinafter appear, does, pursuant to Penal Code, section 1253, order the judgment affirmed as to defendant Wade and the attempted appeal from the nonexistent order denying a motion for a new trial dismissed.

The appellant French made a request in writing to be represented by counsel and the court appointed the attorney who had represented him in the trial court to represent him on this appeal. The attorney filed the following statement in lieu of a brief:

"1. That he represented the said defendant and appellant, Raymond French at the trial of this action in the Superior Court of the State of California In and for the County of Orange;

"2. That he is unable to conceive of any meritorious grounds whatever on which to appeal the said defendant's case to the above entitled Court, and that he so informed the said defendant and appellant, as will appear in a copy of a letter annexed hereto."

In response to the above statement of counsel the attorney

---

*Assigned by Chairman of Judicial Council.

general filed a memorandum rather than a brief, by which he reviewed the record of the case and concluded that no reversible error had been committed.

From the record it appears that the two defendants, together with a third man and a woman named Dicea Woodward, drove to the scene of the robbery. Dicea sat in the front seat of the parked car with defendant Wade while two of the men walked up an alley to a service station where Chester Holcomb was on duty. The two men then robbed Chester Holcomb of a quantity of money. This occurred during the early morning hours and it is apparent Dicea sat in the car with Wade to allay the suspicions of the police or any curious passerby.

Aside from the testimony of Dicea the record reflects that a neighbor and two police officers overheard the defendants make plans to commit a robbery. They heard one of the men ask Dicea to sit in the car during the time the holdup was to be committed. The neighbor watched the defendants and their two companions leave the premises and observed that two of the men were carrying guns and that defendant Wade was wearing gloves. After the robbery had been committed, the defendants were arrested and they had in their possession two pairs of gloves, two chrome plated revolvers and two stockings, one with eye holes cut out, the other with worn or torn places for eye holes. The victim Holcomb identified the guns and he was able to describe in detail one on which the chrome had corroded or had been worn off the barrel. His description of the stocking masks and the gloves worn by the men who robbed him matched those found in defendants' possession. The money which defendants had at the time of their arrest matched the paper denominations of the money taken. Holcomb's only uncertainty was as to the amount of small silver. He matched by description the clothing defendants were wearing at the time of their arrest.

The record also reflects extrajudicial statements of an incriminating nature made by the defendants concerning which the jury was properly instructed.

Dicea was called as a witness for the People and although she denied any intent to participate in the robbery, the jury could very well have found her to be an accomplice of the defendants. Penal Code, section 31, provides:

"*Principals defined.* WHO ARE PRINCIPALS. All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act consti-

tuting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed.''

If from the facts the jury believed Dicea was a principal in the commission of the robbery then she would have been an accomplice of both defendants.

Penal Code, section 1111, provides:

''A conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

''An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.''

█ It does not appear from the record that defendants offered any instructions regarding accomplices. This does not relieve the court of the duty to give such instructions *sua sponte,* even though the question is one of fact for the jury. It is incumbent upon the court to instruct a jury fully upon the law in a criminal case. This rule includes instructions concerning the law pertaining to accomplices and corroboration when applicable. (*People* v. *Warren,* 16 Cal.2d 103, 117-119 [104 P.2d 1024]; *People* v. *Davis,* 43 Cal.2d 661, 673 [276 P.2d 801].) █ However, the omission to instruct a jury concerning accomplices does not necessarily constitute reversible error if there is substantial evidence to support the judgment other than, and in addition to, the testimony of the accomplice.

As indicated by the résumé of the facts hereinbefore related, there was sufficient evidence in addition to that of the accomplice to warrant the jury finding the defendants guilty. Consequently, the failure of the trial court to instruct the jury regarding the testimony of an accomplice did not constitute prejudicial error warranting a reversal of the judgment. (*People* v. *Robinson,* 110 Cal. App.2d 415, 418 [242 P.2d 676]; *People* v. *Sourisseau,* 62 Cal.App.2d 917, 931-932 [145 P.2d 916]; *People* v. *Davis, supra,* 43 Cal.2d 661, 674.)

The judgments are affirmed and the attempted appeals from the nonexistent orders denying motions for new trial are dismissed.

Griffin, P. J., and Shepard, J., concurred.