[Crim. No. 1726.   Fourth Dist.   Sept. 4, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ZONA LEA-TRICE BERNAL, Defendant and Appellant.

406

Charles E. Ward, Public Defender, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant from a judgment of conviction of burglary, second degree (Pen. Code, § 459.)

## FACTS

There is no substantial dispute as to the physical facts. Only inferences and evidence of knowledge and intent are in possible conflict. During the evening of October 22, 1961, appellant and one Richard Frank White were patrons of the Goldstone Bar, Barstow, California. Some time during the evening, White unscrewed the screws on the inside of the back door latch or lock. He did not tell appellant of this but claims that some two weeks previously he had proposed to her that they burglarize the Goldstone and that she agreed. He testified that he also talked to her about it an hour or so previous to the burglary but that she seemed pretty drunk and he told her to go home but she insisted on going with him and he consented. She denies such conversations or knowledge and denies intent to steal at the time of entry.

During the evening both had a large number of drinks of an alcoholic beverage made of one ounce of gin to a glass of grapefruit juice. The bartender estimated 12 to 17 drinks

apiece until they left at 12 midnight. They claim they went then to a bar called Mickey's and had more drinks. They were seen there by one of the officers. Next, they spent from 2 a. m. to 3 a. m. at the New City Café, drinking coffee and he eating a sandwich. At 3 a. m. they left the café and went down an alley to the back of the Goldstone. Appellant stood near the alley looking around while White tried to shoulder the door open. Then he kicked it. Before he was able to open it, she moved up close to him. As he opened it and went in, she followed him, walked along the bar past the cash register to a front window where she looked over the street from a stooped or crouched position. White broke open the cash register with a heavy screwdriver. The entry was without the owner's permission. Three officers entered the broken rear door. Appellant said, ''Honey, there are the cops,'' and dropped to the floor near the bar, where the officers found her. Another officer had seen her looking out the front window. While he was watching her she ducked aside out of his sight. Appellant and White were arrested, taken to the police station immediately and booked.

### CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS

■ Appellant requested and the court refused to give certain instructions generally known as CALJIC forms 26, 27 and 28. These instructions, which simply elucidate the rule of reasonable doubt as applied to circumstantial evidence cases, have been repeatedly approved, are well known, and need not here be repeated. In the recent case of *People* v. *Moore,* 196 Cal.App.2d 91, 97, 98 [6-7] [16 Cal.Rptr. 294], this court reviewed many of the authorities on the necessity for an instruction of this type. What was there said sufficiently covers our opinion now that ''if proof of a significant element of the charge depends upon circumstantial evidence the instruction in question should be given,'' but that ''if the circumstantial evidence in the case is merely 'incidental' or 'corroborative,' the instruction need not be given.''

In the case at bar practically all the evidence was direct on the physical fact of entry. On the other hand, its bearing on intent was mostly circumstantial. ■ Intent at time of entry is a vital element of burglary. ■ Failure to give a cautionary instruction of the type requested was error. (*People* v. *Bender,* 27 Cal.2d 164, 174-177 [1-4] 163 P.2d 8]; *People* v. *Tholke,* 75 Cal.App.2d 857, 859-861 [1] [171 P.2d 904].)

## ACCOMPLICE

██ Appellant offered a standard form of instruction to the general effect that an accomplice's testimony be viewed with caution. White testified that he told the appellant some two weeks before and also one hour previous to the burglary, of his plans and that she was "all for it." He also said he told her in the talk one hour before the burglary that she was too drunk and should go home, but that she insisted on going along. This was the only direct evidence on intent. Her statement to an interrogating officer as to her purpose in entry that she "must have become money hungry" is equivocal. It is, in form, a mere statement of opinion. Failure to give the cautionary instruction requested was error. (*People* v. *Gullick,* 55 Cal.2d 540, 542 [1] [11 Cal.Rptr. 566, 360 P.2d 62] ; *People* v. *Wade,* 169 Cal.App.2d 554, 557 [1] [337 P.2d 502].)

## CONFLICTING INSTRUCTIONS

██ Appellant also claims prejudicial error in giving the instruction on intoxication being no defense to crime followed by the explanatory instruction that where specific intent is involved intoxication may be considered on the subject of whether or not the requisite specific intent was present. We find no error. The two instructions are not conflicting. (*People* v. *Webb,* 25 Cal.App.2d 130 [77 P.2d 231] ; *People* v. *Reed,* 131 Cal.App.2d 117, 119 [1] [279 P.2d 1017] ; *People* v. *Nagle,* 25 Cal.2d 216, 225 [6] [153 P.2d 344].)

## PREJUDICE

██ While there was ample evidence of heavy drinking and some of intoxication, including her own direct testimony and that of White as well as that of an expert, the sum total of the evidence could hardly be consistent with intoxication blotting out her understanding of what was happening. Four officers observed her movements for a considerable time before and after the burglary. One of them had known her several years. None of them observed any lack of control in walk, talk or reactions. All thought her sober. Her actions, described in detail by several witnesses corroborate this opinion in every way. She signed her name at booking in her "sober" handwriting. She made no claim to interrogating officers that she had not intended to steal or that she didn't know what she was doing. In her own testimony, she said she was intoxicated and did not intend to steal. But she at no time claimed she did not understand what was happening and

she lucidly described the details of approach, the breaking of the door, entry, move to the front watching through the window, crouching or sitting behind the bar when she saw the officers enter, and the arrest. Completely ignoring the testimony of White it is difficult to believe that any reasonable jury could come to any other conclusion than the one here reached even had the rejected instructions been given. We are forced to the conclusion that the mandate of article VI, section 4½ of the California Constitution, as interpreted by our Supreme Court in *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243], applies. It is there said:

"That a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (See *People* v. *Sizelove*, 134 Cal.App.2d 104, 109 [11-14] [285 P.2d 4]; *People* v. *Lombardo*, 181 Cal.App.2d 106, 110-113 [1] [4 Cal.Rptr. 893] [but instruction not requested]; *People* v. *Wade, supra,* 169 Cal.App.2d 554, 557 [2].) We find no prejudice.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.