[Crim. No. 1725. Fourth Dist. Jan. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MONROE
HAROLD EVANS, Defendant and Appellant.

Theo. G. Krumm, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant from a judgment of conviction of burglary, first degree, and grand theft, and an attempted appeal from an order denying defendant's motion for a new trial.

## FACTS

No challenge is made to the sufficiency of the evidence. Defendant did not take the witness stand nor present any evidence in his own behalf. It is therefore unnecessary to give a detailed account of the testimony. The record shows

the following: On the afternoon of October 3, 1961, defendant and one Barry L. Johnson were living at the John Castillo place about 5 miles northerly from Needles, California. There were several wrecked cars at the Castillo place. Knowing this, Roy Warren, who lived and worked at the Quail Hollow Ranch, about 2 miles away, stopped at Castillo's and asked defendant to get Warren a starter. Defendant agreed to do so if Warren would bring a jug of wine. Warren took defendant and Johnson to the Quail Hollow Ranch, obtained a partly filled jug of wine there, gave it to defendant, returned defendant and Johnson to Castillo's, and went on to Needles. During Warren's absence, defendant and Johnson burglarized the Quail Hollow Ranch living quarters, taking guns, ammunition and other property, returned to Castillo's; left the stolen goods there, caught a ride to Needles; there "hotwired" and stole a station wagon automobile, eventually returned to Castillo's, picked up the goods stolen in the burglary and drove back to Needles, where they were apprehended with the stolen property shortly after midnight as they drove into a service station. The owner of the station wagon had, in the meantime, reported its theft. Defendant was found guilty by a jury and after trial on his plea of not guilty by reason of insanity, was found sane.

## Instructions on Accomplice

Defendant first contends that the trial court committed prejudicial error in failing to give instructions defining "accomplice" and in failing to directly instruct the jury that Johnson, as a matter of law, was an accomplice. First, it should be noted that defendant, represented by competent counsel, made no request for either instruction. ■ Of course, if there had been any room for doubt in the trial proceedings as to whether or not Johnson was, in truth, an accomplice, the failure to give the specified instructions would be error. He cites *People* v. *Chapman*, 93 Cal.App.2d 365 [209 P.2d 121]; *People* v. *Swoape*, 75 Cal.App. 404 [242 P. 1067]; *People* v. *McDermott*, 75 Cal.App. 718 [243 P. 485]; *People* v. *Dobkin*, 74 Cal.App.2d 269 [168 P.2d 729]; *People* v. *Coffey*, 161 Cal. 433 [119 P. 901, 39 L.R.A. N.S. 704]; *People* v. *Featherstone*, 67 Cal.App.2d 793 [155 P.2d 685]; *People* v. *Coakley*, 108 Cal.App.2d 223 [238 P.2d 633]; *People* v. *Wallin*, 32 Cal.2d 803 [197 P.2d 734]; *People* v. *Goldstein*, 146 Cal.App.2d 268 [303 P.2d 892]; *People* v. *Wade*, 169 Cal. App.2d 554 [337 P.2d 502], and other authorities.

However, none of these authorities involve the exact factual problem here presented. A reading of the entire record makes it clear that both the prosecution and defense conceded that Johnson was an accomplice. Defense counsel, during the testimony of Johnson, referred to him, without contradiction from the prosecution, as an accomplice. During the opening argument of the prosecution the district attorney said to the jury, "Of course, we have the testimony of Mr. Johnson who is an eyewitness to this thing, who, of course, is an accomplice, who was there with him. The Court will probably instruct you to view with caution the testimony of an accomplice"; and later proceeded to argue corroboration of the accomplice. During defense counsel's argument, without objection or disagreement by the prosecution or the court, defense counsel stated to the jury, ". . . the District Attorney has produced the accomplice of Mr. Evans, one Barry Johnson."

It is clear, therefore, that there was no dispute; both sides freely advised the jury that Johnson was an accomplice and the jury could have been under no possible misapprehension as to Johnson's position as an accomplice. The trial judge gave a full instruction in the usual form (CALJIC 830 and 829). ▇▇▇ Thus the jury were fully advised that Johnson was an accomplice and were instructed by the court that an accomplice's testimony must be corroborated, how to weigh it in connection with other testimony, and that the accomplice's testimony should be distrusted. We cannot see how any legal opprobrium should attach here to either counsel or the court. It is obvious that everyone concerned conceded Johnson was an accomplice. Both sides so labelled him to the jury. There was no room for misunderstanding by the jury or any one else. If it can be classified as error, it certainly was not prejudicial.

▇▇▇ Furthermore, the evidence outside the testimony of Johnson was ample standing alone. Warren's testimony of taking defendant and Johnson to the Quail Hollow Ranch; his finding that it was ransacked and burglarized that night while he was gone, his tracking two sets of tracks back to defendant's place of abode; the deputy sheriff's doing the same and positively identifying the tracks as made by defendant's moccasins; the theft of the station wagon in Needles; the arrest of the defendant in possession of and driving that car; defendant's false claim that the car belonged to him; the finding of the stolen property in the car; the failure of defendant to take the witness stand or otherwise offer any

explanation together with other minor details furnished evidence from which the jury would have found it difficult to come to any other conclusion than that of guilt had Johnson never testified. As was said in *People* v. *Davis,* 43 Cal.2d 661, 674 [20] [276 P.2d 801]:

"Moreover, it has been frequently held that there is no prejudicial error where the record contains ample evidence to support the judgment without consideration of the testimony of the accomplice." See also *People* v. *Wade, supra,* p. 557 [2]; *People* v. *Johnson,* 153 Cal.App.2d 564, 570 [6] [314 P.2d 751]; *People* v. *McFarland,* 58 Cal.2d 748, 754-759 [1-9] [26 Cal.Rptr. 473, 376 P.2d 449].

### COUNSEL

Defendant further contends that the trial court erred in failure to grant defendant's request to discharge his appointed counsel and in not permitting defendant to defend himself personally.

On the day defendant's trial began, he complained for the first time about his court-appointed counsel. Defendant told the court he did not want his present counsel and was not ready to proceed. The court indicated it was necessary to proceed and told defendant he could try the case himself if he did not want appointed counsel, but also told counsel to help defendant as much as defendant would allow. At the defendant's request counsel conducted the examination of the prospective jurors. The court ordered counsel to continue trying of the case until such time as defendant objected. Counsel conducted the case until, at the request of the defendant, the court reluctantly allowed defendant to cross-examine a police officer. After a harmful response to defendant's question, defendant requested counsel to continue trying the case. Counsel completed the trial without further objection from defendant.

 There was nothing in the record to support the contention that defendant was denied the right to represent himself. He requested that his counsel proceed at the start of the trial and again after defendant tried to cross-examine the police officer. Defendant was not prejudiced by the court ordering counsel to continue trying the case (*People* v. *Jackson,* 186 Cal.App.2d 307, 318 [15] [8 Cal.Rptr. 849]); nor did the court err in exercising its discretion to allow defendant to cross-examine a witness. (*People* v. *Mims,* 160 Cal.App.2d 589, 595 [1-3] [325 P.2d 234].) Both defense counsel and court exercised unusual patience and forbearance.

Considering defendant's age, his plea of not guilty by reason of insanity, and other circumstances in this case, it would have been a proper exercise of the court's discretion to deny a request of defendant to serve as his own counsel. (*People* v. *Kemp*, 55 Cal.2d 458, 463 [1] [11 Cal.Rptr. 361, 359 P.2d 913].)

There was no abuse of discretion in the court's refusal to grant defendant's request on the day set for trial, for continuance to find another attorney. The motion was not timely. More than 60 days from the filing of the complaint had already passed. As stated in *People* v. *Shaw*, 46 Cal.App.2d 768, 774 [3] [117 P.2d 34]:

"To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon continuances of his trial, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness. It is at once apparent that the trial court must in the nature of things have some control over such matters, to the end that judicial business may be dispatched in an orderly manner; and if it has any discretion it is apparent to us that such discretion was not abused in this particular instance."

The defendant may not require the court, who has appointed an attorney for him, to appoint another attorney of his own choice. (*People* v. *Hughes*, 57 Cal.2d 89, 98 [9] [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Jackson, supra,* p. 315 [6].) There is no showing of inadequacy of counsel. (*People* v. *Daigle*, 194 Cal.App.2d 340, 342 [5] [15 Cal.Rptr. 53]; *People* v. *Elledge*, 186 Cal.App.2d 656, 659 [1] [9 Cal. Rptr. 188]; *People* v. *Mitman*, 184 Cal.App.2d 685, 690-691 [4] [7 Cal.Rptr. 712].)

### TIME OF TRIAL

Defendant contends that the court erred in not trying defendant within 60 days of the filing of the information, as required by Penal Code, section 1382. The information was filed on October 27, 1961 and a good part of November was consumed to give defendant adequate opportunity to make his motion for dismissal under Penal Code section 995. On November 17, 1961, it was set for December 18, 1961. On that day it became a trailing case. Trial commenced on January 2, 1962. Defendant's appointed counsel on appeal forthrightly pointed out that defendant may have waived his right to have been tried within the statutory time. Coun-

sel is correct. Not only did defendant fail to object within the 60-day period, but at the start of the trial he wanted another delay and personally complained to the court that he was not ready to proceed. Defendant waived any objection as to the time of trial. (*People* v. *Encinas,* 186 Cal.App.2d 12, 16 [1] [8 Cal.Rptr. 624]; *People* v. *Contrerai,* 172 Cal. App.2d 369, 371 [1-6] [341 P.2d 849]; *People* v. *Bruce,* 141 Cal.App.2d 854, 856 [2] [297 P.2d 437].)

The appeal from the denial of defendant's motion for new trial is dismissed.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.