[Crim. No. 1371.  Second Appellate District, Division Two.—December 13, 1926.]

THE PEOPLE, Respondent, v. S. E. MITCHELL et al., Appellants.

[1] Criminal Law—Larceny — Value of Property — Expert Testimony.—In this prosecution for grand larceny in the theft of certain automobile wheels and accessories, expert testimony, given by an insurance adjuster, who qualified as to experience and ability to judge as to values of such property, was sufficient to prove the value of the stolen property; and it was not indispensable that such property be present in court and introduced in evidence and its value left to the judgment, or perhaps the guesswork, of laymen jurors.

[2] ID. — CONFESSIONS — TESTIMONY WITHOUT OBJECTION — WAIVER OF FOUNDATION.—In such prosecution, one of the people's witnesses, without objection, having testified to conversations, practically amounting to confessions, of the defendants when taken to the shed where the automobile had been stored and the unstolen parts remained, the trial court correctly ruled that the subsequent request of counsel for defendants for permission to examine said witness on his *voir dire*, as to whether or not such statements were voluntary, was too late and properly denied it.

[3] ID.—FREE AND VOLUNTARY STATEMENTS—VOIR DIRE EXAMINATION —DISCRETION OF TRIAL COURT.—In such prosecution, a witness for the people having testified both on direct and *voir dire* examination that the statements of the defendants were made freely and voluntarily, without threat, force, fear, inducement, or promise of reward being used toward the defendants, it was within the sound discretion of the trial court to allow said witness to recite all that was said at the time, notwithstanding the insistence of defendants' counsel that before the testimony as to such statements be given, he be permitted to place defendants' witnesses on the stand to prove that the statements were not voluntary.

[4] ID. — REQUEST FOR FURTHER INFORMATION — MATTERS NOT IN EVIDENCE.—In such prosecution, where the stolen tires had not been present in the courtroom and the spare tire, which had not been stolen, and was present in the courtroom, was not offered in evidence, and during their deliberations the jury returned to the courtroom and requested further information about the tires, and one of the jurors remarked that since the statement had been made that the four stolen tires were not in as good condition as the tire in the courtroom they would like to know if they were all in the same condition, the trial court properly ruled that that was "something we cannot go into."

[5] ID. — DOUBT — PROVINCE OF JURY — APPEAL.—In such prosecution, any doubt which the facts created in the minds of the jurors having been resolved by them against defendants, this precluded further consideration of such matter upon appeal.

(1) 16 C. J., p. 755, n. 95; 36 C. J., p. 909, n. 98.    (2) 16 C. J., p. 735, n. 40.    (3) 16 C. J., p. 735, n. 34, 35, 36.    (4) 16 C. J., p. 1088, n. 21.    (5) 16 C. J., p. 930, n. 89.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. E. J. Marks, Judge.   Affirmed.

2.  See 8 Cal. Jur. 116.
5.  See 8 Cal. Jur. 583; 2 R. C. L. 193.

The facts are stated in the opinion of the court.

Marshall A. Stutsman for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, and H. H. Linney, Deputies Attorney-General, for Respondent.

CRAIG, J.—The appellants were convicted of grand larceny upon an information which charged them with having on or about December 28, 1925, stolen and carried away automobile wheels and other accessories of the value of three hundred dollars, the personal property of one J. P. Furr.

It appeared that Furr left his automobile in a shed in Telegraph canyon at about 11 o'clock P. M. of the date mentioned; that there were then on the car four green disc wheels, with tires and tubes, and a Willard battery, besides a complete extra wheel on the rear of the car; that Furr returned to the shed on the following morning at about 8 o'clock, whereupon he discovered the machine resting upon ties; the four wheels on the axles, together with the tires and tubes, and the battery, were missing, but the spare wheel was in place; he testified that on December 29th he found at the city hall at La Habra four wheels and a battery which resembled those which he had lost; the wheels fitted his car and matched the extra tire, but Furr would not swear positively that they were the identical wheels that were removed on the preceding night, though as near as he could tell they and the battery were the same.

Officers at La Habra testified that they arrested the defendants at that place on the morning of the 29th, at about 3 o'clock; that they then had the wheels and battery in another automobile; that one of them at first said that he had obtained them from his brother in the oil fields, but later, on different occasions and to various persons, the defendants stated that they had taken them from a Hupmobile; one officer asked them if they had stolen anything more than the wheels, to which Mitchell replied in the affirmative, and Nilson said, "No we got a battery too." It was further testified that when they were asked why they took them, they replied, "We don't know why. We had the opportunity and did do it." The officers located Furr's Hupmo-

bile and conveyed the defendants to the shed, where certain admissions were made. Some of these were excluded by the trial court.

The defendants did not take the stand, but certain witnesses testified in their behalf as to their reputation for honesty and veracity and estimated that the stolen property was worth about $168. An insurance adjuster for the Automobile Club of Southern California testified at the instance of the People that, allowing for depreciation, the wheels, tires, tubes, and battery were of a value of $300 to $325.

[1] It is first contended that the evidence was insufficient, that the property alleged to have been stolen was not offered in evidence, but that in its absence witnesses were erroneously permitted to testify to its value; and from this it is argued that the verdict and judgment are contrary to law. Expert testimony, given by the insurance adjuster, who qualified as to experience and ability to judge as to values of such property, was sufficient. It was not indispensable that the wheels and battery be introduced and their values left to the judgment, or perhaps the guesswork, of laymen jurors. The existence, situation, and character of such objects may be established by witnesses. (Code Civ. Proc., sec. 1954.)

[2] The People's witness Martin testified to conversations, practically amounting to confessions, of the defendants when taken to the shed heretofore mentioned. No objection to this testimony was interposed. Thereafter counsel for appellants asked permission to examine this witness on his *voir dire*, as to whether or not such statements were voluntary. The trial court held that the request was too late and properly denied it. [3] It appears that the witness Ellis, who next testified, was present during these conversations, and he swore both on direct and *voir dire* examination that the statements in question were made freely and voluntarily, without threat, force, fear, inducement, or promise of reward being used toward the defendants. After Ellis had testified fully as to the voluntary character of the statements, as above related, defendants' counsel insisted that he be permitted to place them on the stand before the witness should be allowed to testify to such statements, and offered to prove by rebuttal evidence that the same were not

voluntary. This motion was denied and the witness recited all that was said at the time. Since it is the duty of the trial judge to consider in passing upon the admissibility of an alleged confession whether or not for that purpose a sufficient foundation has been laid as to its free and voluntary character, the order of proof upon that question is within its discretion. A *prima facie* showing having been made that the statements were free and voluntary, testimony offered to the contrary would only have created a conflict in the evidence to be weighed later by the jury under proper instructions. The People having laid a foundation in the testimony of the witness showing affirmatively that the confession about to be proved was freely and voluntarily made, it was within the sound discretion of the court to say whether it would interrupt the regular course of the trial and hear the defendants' witnesses, or proceed as it did in this instance. (*People* v. *Hancy*, 46 Cal. App. 317 [189 Pac. 338].) Of course, the door was still wide open for the introduction as a part of the defendants' case of such proof as they might desire to offer in this behalf, but no attempt was thereafter made to show by any witness that their alleged statements were not voluntary, or that they were in fact not true. Appellants' contention in this respect that the evidence was incompetent and prejudicial is, therefore, untenable. (*People* v. *Connelly*, 195 Cal. 584 [234 Pac. 374].)

[4] During their deliberations the jury returned to the courtroom and requested further information about the tires. A juror remarked that since the statement had been made that a tire which was in the room (which was not offered in evidence) had been taken from the back of the machine, and that the four stolen tires were not in as good condition as that one, that they would like to know if they were all in the same condition. To this request the court replied, "That is something we cannot go into." We think the ruling was proper. The jury would not have been justified in considering matters not in evidence.

[5] In appellants' briefs much space is devoted to an extended argument as to what the evidence tended to show, and it is repeatedly asserted that the facts created a doubt in the minds of the jurors which they failed to resolve in favor of the defendants. This whole matter is so clearly

within the sole province of the jury as to preclude its further consideration upon appeal.

The judgment and order appealed from are affirmed.

Works, P. J., and Thompson, J., concurred.