[Crim. No. 120.   Fourth Appellate District.—April 17, 1931.]

THE PEOPLE, Respondent, v. JOSE CRUZ, Appellant.

Tom Okawara for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged with the crime of violating the Firearms Act (Stats. 1923, p. 695) by an information filed by the district attorney of Fresno County. He was tried before a jury which returned a verdict finding him guilty as charged.   He was sentenced to imprisonment

in the state penetentiary for the term required by law. From this judgment and from an order denying his motion for a new trial he prosecutes this appeal.

It appears from the record that the defendant admitted that he was foreign born and was not a naturalized citizen of the United States. He also admitted that at the time of his arrest he had concealed upon his person a Smith & Wesson .38-caliber revolver with its six chambers loaded. The weapon was not introduced in evidence, but it was exhibited to the arresting officer while he was on the witness-stand and identified by him as having been taken from the person of appellant at the time of his arrest. This occurred in the presence and hearing of the jury.

■ Appellant urges that the California Firearms Act is unconstitutional in that it violates the Fourteenth Amendment to the Constitution of the United States and section 21 of article I of the Constitution of California. This act has been held constitutional in the cases of *In re Rameriz,* 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914], and *People* v. *Camperlingo,* 69 Cal. App. 466 [231 Pac. 601].

Appellant urges further that the Firearms Act violates the provisions of the Eighth Amendment to the federal Constitution and the provisions of section 6 of article I of the state Constitution because it authorizes the infliction of a cruel and unusual punishment upon a person convicted of violating its terms. The Supreme Court of the United States has held that the Eighth Amendment to the federal Constitution is not a limitation on the powers of the states. (*Weems* v. *United States,* 217 U. S. 349 [19 Ann. Cas. 705 54 L. Ed. 793, 30 Sup. Ct. Rep. 544].) ■ The act provides that upon a conviction the accused shall be confined in the state penitentiary. Such a. sentence is not unusual or cruel, but is the ordinary result of a conviction of a felony. Such a punishment has been held not a violation of the provisions of the Constitution of California. (*In re O'Shea,* 11 Cal. App. 568 [105 Pac. 776].)

■ Appellant maintains that the evidence is insufficient to support the verdict and judgment because the revolver was not introduced in evidence. The weapon was displayed and exhibited in the presence of the jury without objection on the part of appellant. The jury saw it and could judge the length of the barrel. An instruction was given to the

jury that ''the terms 'pistol' and 'firearms capable of being concealed upon the person', shall be construed to apply to, and include, all firearms having a barrel less than 12 inches in length''. We must assume that the jury followed the instructions of the court. At no time during his trial in the court below nor before this court did appellant urge that, as a matter of fact, the barrel of the weapon was more than twelve inches in length. If we assume that it was error to fail to introduce the revolver in evidence, still we must conclude that it was not such prejudicial error as would warrant a reversal of the judgment. Since the jury viewed it without objection from appellant we must hold that this furnished sufficient foundation for the conclusion that the barrel of the weapon was less than twelve inches in length.

We do not wish to be understood as generally approving the practice followed in this case of failing to introduce in evidence an exhibit material to the case. However, a review of the record leaves no doubt in our minds of the guilt of appellant. As the verdict returned represented the only correct conclusion the jury could have reached under the evidence, and in view of the provisions of section 4½ of article VI of the Constitution of California, we cannot reverse the judgment even though we assume error in the trial court in not having the weapon introduced in evidence.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.