[Crim. No. 2110.   Second Appellate District, Division Two.—November 24, 1931.]

THE PEOPLE, Respondent, v. CHARLES ROUS et al., Defendants; JOHN SUNSIR, Appellant.

William T. Kendrick, Jr., for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—The appellant and three others were charged by information with having owned and operated distilling apparatus and paraphernalia designed and intended for the manufacture of intoxicating liquor. Upon a separate trial by a jury the appellant was found guilty, and appeals from the judgment and from an order denying a motion for a new trial.

The fact that he was a part owner of the property with the others, and that he financed its establishment and operation, was shown by his co-defendants. Peace officers witnessed the removal of the still from Bell, California, to Azusa, in Los Angeles County; the wife of a co-defendant swore that appellant visited the premises last mentioned on three occasions after the apparatus was set up, and that he brought sugar; that he instructed her to leave the premises at once if officers should appear. It further appeared that appellant stated that he had been informed of an intended raid of the premises at Bell, and that he was instrumental in borrowing a truck and in causing the plant to be moved to Azusa, where it was found by the officers, in operation.

It is first insisted with much earnestness that the evidence was not sufficient to warrant a conviction or to support the verdict, for the reason that appellant's accomplices were not corroborated by independent evidence. The objection goes rather to the weight and truthfulness of conflicting evidence, since some of the facts outlined were established by witnesses other than accomplices, as already

stated. It cannot successfully be contended that there was not some evidence tending to connect the defendant with the illegal ownership and possession of the prohibited articles, and this being true we are unable to say as a matter of law that the evidence was insufficient. (*People* v. *Clough,* 73 Cal. 348 [15 Pac. 5]; *People* v. *Blunkall,* 31 Cal. App. 778 [161 Pac. 997]; *People* v. *Wagner,* 36 Cal. App. 41 [171 Pac. 699]; *People* v. *Mace,* 71 Cal. App. 10 [234 Pac. 841].)

It appeared that the articles confiscated, and with the possession of which the defendants were charged, were unduly large and cumbersome, but it is contended that their physical production in evidence against the appellant was requisite to a valid judgment of conviction. There was ample positive evidence as to the nature and description of the instruments used in committing the offense, and photographs thereof were received for illustration. But they were not available nor were they exhibited to the jury, and the rule applied in *People* v. *Cruz,* 113 Cal. App. 519 [298 Pac. 556], that articles exhibited must be introduced in evidence is not here applicable. Nor is it contended that the photographs were inaccurate representations of the inaccessible best evidence, or denied that the still and other paraphernalia were in fact on the premises and in operation. These elements of the *res gestae* were established by uncontroverted evidence, and the appellant's sole defense consisted of a denial of ownership or knowledge of their ownership by others. It does not appear nor does he suggest how he was or could have been prejudiced by a failure to produce stronger evidence than that of co-owners and numerous eye-witnesses whose testimony is unquestioned.

Instructions were given which in substance charged that if the jury believed from all of the evidence beyond a reasonable doubt that the defendant did possess, own, have an interest in, operate or cause to be operated any of the apparatus described in the information, they should find him guilty of possession thereof. Two forms of verdict were submitted to the jury by which they were to find (1) that the defendant was guilty of "possession of a still, a felony, as charged in the information", or (2) not guilty of "possession of a still, a felony, as charged in the information". It is objected that the forms of verdicts and instructions were confusing in that the jury might otherwise have convicted the defendant of any other of the offenses

specified by the statute. The information alleged that the defendant did on or about the twenty-sixth day of July, 1930, at and in the county of Los Angeles have "unlawful possession of a still, a felony". Hence, if from all of the evidence adduced the jury were convinced that the defendant owned, transported, or operated or caused the still to be operated, they would have been justified in finding him guilty of those offenses, had he been also charged with them. But each such act if committed on or about said date, within the jurisdiction, legally constituted possession as charged in the information. (*People* v. *Clemett*, 208 Cal. 142 [280 Pac. 681].) A conviction upon any such charge if made would not preclude a verdict of guilty in the instant case, and the failure to inform against the defendant upon additional offenses is not assigned as prejudicial error, nor is it contended that the jury were not entitled to consider them in arriving at the verdict rendered, though not so alleged.

Finally, it is insisted that a refusal to instruct the jury that certain witnesses who testified to facts and circumstances within their knowledge were accomplices, was error. However, as held in numerous cases, we must presume that the jury observed all of the instructions of the trial court. They were charged that they should determine in each instance whether or not the witness was an accomplice of the accused, and that the testimony of an accomplice must be corroborated by other evidence tending to connect the defendant with the offense, that the testimony of one accomplice cannot be accepted as corroboration of another, and that a conviction cannot be had upon the uncorroborated evidence of the accomplices. If it be said that appellant's contention that such instruction should have been given is tenable, the failure to so instruct the jury would not require or justify a reversal when the verdict cannot, as in this case, be said to have been founded entirely upon the evidence elicited from accomplices. (*People* v. *McDermott*, 75 Cal. App. 718 [243 Pac. 485]; *People* v. *Ferlin*, 203 Cal. 587 [265 Pac. 230]; *People* v. *Knoth*, 111 Cal. App. 250 [295 Pac. 577].)

The judgment and order are affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 9, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 24, 1931.