[Crim. No. 2862.   Second Appellate District, Division Two.—June 10, 1936.]

THE PEOPLE, Respondent, v. ERNEST P. GONZALES, Appellant.

Richard H. Cantillon for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Section 2 of the "Deadly Weapons Act" as amended (Stats. 1931, p. 2316) makes it a felony for an alien, narcotic addict or felon to have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The latter terms are defined in the act to include all firearms having a barrel less than twelve inches in length. Section 15 of the act provides that it shall not apply to antique pistols or revolvers incapable of use as such.

Defendant was found guilty by a jury of violation of this act. From the judgment of conviction and order denying motion for new trial he appeals.

It is admitted that appellant had previously committed a felony, for which he had been imprisoned and was on parole when arrested in this case.

■ Three points are raised upon this appeal. No evidence was introduced as to the length of the barrel of the revolver found under the seat of the auto owned by appellant and in which he was being driven by another man at the time of his arrest. The revolver, however, was exhibited to the jury, was introduced in evidence and has been transferred to this court with the record of the case. It is obvious that the barrel of the revolver is much less than twelve inches long, and the jury could observe its length, which of itself is sufficient, in the absence of any objection by appellant at the trial, to furnish sufficient foundation for the implied finding of the jury that the weapon was of the size interdicted by the statute. (*People* v. *Cruz*, 113 Cal. App. 519 [298 Pac. 556].)

■ The court instructed the jury that "it is not a defense . . . that the gun was a gift, heirloom, keepsake, curio or relic". No instruction was requested or given as to the provision that the Deadly Weapons Act "shall not apply to antique pistols or revolvers incapable of use as such". Testimony was that the revolver found in appellant's possession was about sixty years old and that it could be fired only in a special manner. It was loaded, however, with six shells, and testimony of appellant's own witness, as well as that of the prosecution, was that the gun was capable of use and could be used and fired. Under this state of the evidence, even if, as appellant asserts, the court committed error in failing to instruct as to the exceptions of section 15 of the act, the error was harmless. No other conclusion could be reached in the case than that the revolver, although old, was capable of being used as a firearm.

■ Similarly as to appellant's final point that the court curtailed the examination of his expert ballistic witness, we find no error warranting any interference with the judgment. It is true that the court refused to allow this witness to state whether the gun could be "practically used, used in a practicable manner", or whether it could be used "in the manner of an ordinary pistol", but by other permitted inquiries the facts as to the construction, manipulation and firing of the weapon were sufficiently called to the attention of the jurors.

The judgment and order are affirmed.

Crail, P. J., and Wood, J., concurred.