[Crim. No. 3403.   Second Appellate District, Division Two.—February 14, 1941.]

THE PEOPLE, Respondent, v. HOBART C. LATHAM, Appellant.

Robert E. O'Neill for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was accused by information of the crime of grand theft and was convicted at a jury trial. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

It is now contended that the evidence is insufficient to justify the conviction. Andrew S. Thomson, a salesman for the American Check Writer Company, parked his automobile in front of his residence in the city of Los Angeles on February 28, 1940, at about 4:45 P. M. He left in the car, which he was using in his business, four checkwriters, a robe, two bathing suits, a scrap book and a wheel and tire. When he returned to the car the next morning at 11 o'clock he found that all of these articles had been removed. Mr. Thomson valued one of the checkwriters at $107.50, another at $92.50 and the other two at $20 each. The other items taken were valued at various amounts bringing the sum total of the value of the stolen articles to well over $200. Two of the checkwriters were owned by Mr. Thomson and the other two had been

consigned to him to be sold.  He recovered all of his property from the police department the next day at about noon.

Officer Chase testified that at about midnight on February 28, 1940, he was working in a radio car with Officer Olson.  As they drove south on Western Avenue they noticed a Plymouth sedan which had just passed them having a bent license plate.  They followed the sedan some distance and finally drove up to it and told the driver to pull over, that they wanted to talk to him.  At this time the witness turned a flash light on the faces of the occupants of the car.  Defendant was driving the car and his companion was Joe Dillard, in whose name the car was registered.  When the flash was turned on defendant's face he drove away and the officers immediately pursued him.  At times during the pursuit, which continued for four or five miles, the officers' car traveled faster than sixty-five miles per hour.  The car driven by defendant finally swung around a corner and into the driveway of a gasoline station, where defendant and Dillard jumped out and ran in different directions.  The officers first took the ignition key from the Plymouth car and then searched the neighborhood for defendant and Dillard but did not find them.  Upon returning to the Plymouth car they found that it contained a number of articles including those which had been taken from Thomson's automobile.  On one of the checkwriters there was stamped the price of $107.50 and upon another there was stamped the price of $92.50.  The articles belonging to Thomson were taken by the officers to the police station and later returned to Thomson.

Officer Carnahan testified that on February 29th he went to a tire shop on 12th Street and there found defendant, who stated that he was operating under a second hand license.  The officer went outside the shop and talked to Joe Dillard, who was working on a tire.  The officer then walked around the lot and returned to the shop to speak to defendant but defendant had gone.

Officer Eaton testified that on March 9, 1940, he and another officer went to an apartment house on West 7th Street to arrest defendant.  They covered the rear of the apartment house and two other officers went to the front of the house.  Defendant started to walk through the back yard toward a driveway leading to an alley but he saw Officer Carnahan coming toward him and said, ''Well I guess this is it.''

Defendant was sworn as a witness and stated that he was not in the Plymouth car which contained the stolen property.

■ If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of defendant will not warrant interference with the determination of the jury. (*People* v. *Newland,* 15 Cal. (2d) 678, 681 [104 Pac. (2d) 778].) This court must assume the existence of every fact pointing to guilt which the jury could have reasonably deduced from the evidence and determine whether there were sufficient facts to justify the jury in drawing the inference of guilt. (*People* v. *Hennessey,* 201 Cal. 568 [258 Pac. 49].) It appears from the evidence that defendant was driving a car containing stolen property shortly after the theft, that when stopped by the officers he immediately fled and abandoned the car, later denying that he had at any time driven the car. The evidence is sufficient to sustain the verdict.

■ At the trial a transcript of the testimony of the witness Thomson given at the preliminary examination was read to the jury and it is now claimed by defendant that the district attorney did not show sufficient diligence to justify reading the transcript. The witness Doughty, an investigator in the office of the district attorney, testified that he had attempted to serve a subpoena on Thomson at the office of American Check Writer Company in Los Angeles, the place of Thomson's employment. The investigator was informed by Thomson's employer that he did not know Thomson's whereabouts for the reason that Thomson was travelling on business. At the employer's suggestion Doughty wrote a letter to the manager of the American Check Writer Company on May 15, 1940, asking him to mail a letter to Thomson and to ask Thomson to write and give information as to his whereabouts and whether he would be in Los Angeles on June 4, 1940, the date set for the trial. Thereafter Mr. Doughty received a letter from Mr. Thomson postmarked Roswell, New Mexico, dated June 1, 1940, in which Thomson stated that his office had contacted him regarding his absence from Los Angeles and further stating, "you may use my testimony given at first hearing". These letters were properly received in evidence for the limited purpose of aiding in the determination of the question whether the district attorney had used due diligence in attempting to secure the presence of the witness.

■ The determination of the question whether the district attorney has used due diligence to find a witness for the purpose of serving a subpoena is within the sound discretion of the trial judge, whose decision on the point should not be reversed in the absence of an abuse of discretion. (*People* v. *Land,* 137 Cal. App. 196 [30 Pac. (2d) 433].) What constitutes "due diligence" must depend upon the circumstances of the particular case. The trial judge was doubtless satisfied that at the time of the trial the witness Thomson was outside of the State of California. It appears from the record that defendant was represented at the preliminary examination by counsel who cross-examined the witness Thomson. We find no abuse of discretion.

■ Defendant asserts that his cross-examination of the witness Thomson was unduly restricted by the magistrate who conducted the preliminary examination and particularly complains that after Thomson had given the value of the four checkwriting machines he was not permitted to cross-examine for the purpose of showing that the value was less than the sum which had been set by Thomson. Two of the machines, according to Thomson's testimony, had been consigned to him and defendant sought to establish what Thomson would have had to pay to the company to replace the consigned machines in case they had been lost. An objection to this line of questioning was sustained and defendant offered to prove "that the fair value of those machines, in so far as he was concerned, was a price at which his company consigned them to him. . . . " The magistrate ruled correctly in sustaining the objection. The value to be placed upon stolen articles for the purpose of establishing a felony charge is the fair market value of the property and not the value of the property to any particular individual.

■ There is no merit in defendant's contention that the trial court erred in permitting Officer Chase to testify that one of the checkwriting machines which he found in the Plymouth car had the value of $107.50 stamped upon it and that the other machine had the value of $92.50 stamped upon it. One of these machines had been sold before the trial and the other had been returned to the company which owned it. The machines were not available to be offered in court as exhibits. The testimony of Officer Chase was given for the purpose of identifying the stolen articles and not for the pur-

pose of fixing their value. The testimony was admissible for the purpose for which it was received.

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 27, 1941, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1941.