[Crim. No. 4092.   Second Dist., Div. Two.   Oct. 29, 1947.]

THE PEOPLE, Respondent, v. CHARLES DENNINGHAM, Appellant.

Charles Denningham, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Ward Sullivan, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by amended information of burglary in two counts, namely: (1) entry into a residence to commit rape; (2) entry to commit an act of sex perversion (Pen. Code, § 288a). To both counts he pleaded not guilty and not guilty by reason of insanity. The parties stipulated: (a) to waive a jury trial; (b) that the court "may determine the issue (insanity) on the reports of the physicians on file." The decision was not guilty under count one, guilty as to count two and that defendant was sane at the time of the commission of the offense. Probation having been denied, he was sentenced for the term prescribed by law.

Since sentence was pronounced appellant has reposed in the county jail, from which without aid of counsel he has prosecuted this appeal. Inasmuch as he has made no argument in support of his contention that the judgment is contrary to law and the evidence, in view of the asserted state of his mind at the time of the crime a study of the entire record has been made.

The unfortunate man, though springing from a worthy family and though fairly well educated in the fundamentals and trained as a radio technician (at which trade he has toiled for 25 years), fell victim to the inordinate use of alcohol. To his first wife three children were born. She divorced him in 1939. His second marriage in 1941 was followed by his development of the curse of sex perversion, as a result of which he alienated the attachment of his wife who had left him some time prior to the date of his crime, to wit, April 20, 1946. On that date he left his hotel in downtown Los Angeles about 7:30 p. m. in search of his wife who with him had formerly lived near Main Street on East 45th Street. Having ascertained that she had left no forwarding address he visited two nearby cafes, at which he drank three glasses of wine. He testified that he had no memory of any other occurrence that evening except the application of handcuffs by the police and his being booked.

Having admitted her husband about 12:30 a. m. the prosecutrix returned to her bed while her spouse entered his bathtub in the adjoining room. While lying asleep on her stomach she felt a hand touch her shoulders and caress her neck and a face touch her cheek. When the hand went under the cov-

ers she thought as it touched her body that it was her husband. But when the head of the intruder began moving downward along her body she suspected villainy as she heard a splash in the bathtub. Taking him by the hair of the head she pulled him out to discover appellant, a total stranger to her. While holding him by the sleeve her scream brought her husband from the scene of his ablutions to a resolute pursuit of the intruder. The man suffered a brutal flogging. Immediately thereafter he was removed by the police and lodged in the emergency ward of the General Hospital.

Because he has no memory of any of the events after drinking the wine and prior to the arrival of the officers, appellant contends that he could not be guilty of the burglary. It is true that in the case of a person who had suffered from epilepsy on former occasions and who was under such a spell when he committed a violation of the Vehicle Code, of which he was convicted, this court held him to be guiltless because he had no knowledge of his deed and no intention to commit it. (*People* v. *Freeman*, 61 Cal.App.2d 110, 117 [142 P.2d 435].) But in the same decision it was announced that a crime committed as a result of voluntarily using intoxicants is a wilful act. (See *People* v. *Hill*, 22 Cal.2d 863, 866 [141 P.2d 418].) Inasmuch as the proof against appellant, in the light most favorable to him, presents him as an actor under the influence of alcohol, voluntarily consumed, the philosophy of the Freeman case cannot avail him. Moreover, there was testimony of two competent witnesses who did not detect the odor of liquor on appellant. The court might have believed them.

While section 1026 of the Penal Code requires that the defense of insanity be tried subsequent to a conviction of the crime, in view of the stipulation of the parties no error appears to have been committed by finding against the insanity plea simultaneously with the conviction of appellant. (See *People* v. *French*, 12 Cal.2d 720, 739 [87 P.2d 1014].)

The presumption of sanity attended appellant throughout the trial. Moreover, he took the stand and gave his own version of his acts. With the presumption of sanity added to the court's view of appellant himself, there was sufficient evidence to convict. The reviewing court cannot disturb a verdict unless there is no evidence to support it. (*People* v. *Coleman*, 20 Cal.2d 399, 409 [126 P.2d 349]; *People* v. *Greig*, 14 Cal.2d 548, 553 [95 P.2d 936].) While two psychiatrists opined that appellant was insane at the time of the

crime, the court was not obliged to accept such testimony but could disregard it or give to it the weight to which it is entitled. (Pen. Code, § 1127b; *People* v. *French, supra,* 763.) The court may properly have found from all the evidence that appellant was merely drunk or was acting wilfully with criminal intent.

As to the sufficiency of the evidence, the court appears to have so construed the conduct of appellant as to convict him of the lesser crime. The description of his acts by the victim of his attack would reasonably warrant no other finding. ▆ Since the act inhibited by section 288a is a felony, appellant's entry into the home is a burglary. (Pen. Code, § 459.) ▆ The testimony of the husband and wife is sufficient to prove his intent to commit an act of sex perversion.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.