[Crim. No. 4250.    Second Dist., Div. Two.    Oct. 6, 1948.]

THE PEOPLE, Respondent, v. WILLIAM FREDERICK ANDERSON, Appellant.

Max Solomon for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant, after trial before the court without a jury, was found guilty of (1) kidnapping for the purpose of robbery (Pen. Code, § 209), and (2) robbery of the first degree (Pen. Code, § 211). The court further found that defendant was armed with a deadly weapon at the time of the commission of each offense. Defendant appeals from the judgments and from the order denying his motion for a new trial.

### FACTS

The record discloses that on November 22, 1947, Mr. Tissue was in charge of a used car lot located at 7643 Atlantic Boulevard, Los Angeles. At about 9:45 p. m. he noticed defendant looking at some of the cars on the lot and went over and asked him if he could be of any aid. Defendant, who at the time was intoxicated, asked to be shown a 1941 Chevrolet,

and after looking the car over requested a demonstration. Mr. Tissue occupied the driver's seat and defendant sat next to him. Within two minutes after the car had been driven off the lot defendant said to Mr. Tissue, "Do you know what this is?" and the driver saw a gun in defendant's hand, held within 2 or 3 inches from his body and pointed at him. Defendant told the driver that he had better watch his step, and instructed him to go up Salt Lake Street, turn right to Florence Avenue, and turn right again on Florence Avenue. Defendant asked if Mr. Tissue had any money and when told that he did not, defendant directed Mr. Tissue to keep his hands on the wheel, reached in the latter's hip pocket and took his wallet which contained four one-dollar bills and a five-dollar bill. Several times defendant told Mr. Tissue, "You better do what I tell you."

At the corner of Atlantic Boulevard and Florence Avenue, Mr. Tissue grabbed defendant's wrist and pulled the wheel of the car toward a gasoline station. Defendant asked his captive what he was doing and then grabbed the wheel of the car with his free hand, causing the car to make a complete circle, hit the curb, and before the car was stopped defendant either jumped out or fell from the car and ran up Florence Avenue. A police officer in the vicinity seeing defendant run from the service station endeavored without success to overtake him. Upon receiving a description of defendant he went to a cafe on Atlantic Boulevard, located defendant, arrested him and found in his pocket a five-dollar bill and four one-dollar bills. Subsequently Mr. Tissue identified defendant as the man who had robbed him.

Mr. Tissue had wrested the gun from defendant while they were tussling. The gun was turned over to the service station attendant who in turn delivered it to the police department. Defendant testified that he had been drinking alcoholic beverages since about noon on November 22, 1947, and that he knew nothing of the incidents relative to the alleged kidnapping and robbery.

After defendant was found guilty and prior to the imposition of sentence, the trial judge directed that a medical examination be made of defendant. This was done by Dr. Crahan who reported that defendant had a heart condition which "combined with alcoholic excesses on the date in question probably caused an anemia of the brain which added to the confusion of intoxication" of defendant at the time of the alleged crimes.

Defendant's motion for a new trial on the ground of newly discovered evidence was denied.

### Defendant's Contentions

First: *That the trial court erred in denying his motion for a new trial on the ground of newly discovered evidence, since Dr. Crahan's report indicated that defendant, due to a heart condition aggravated by his voluntary intoxication, did not know what he was doing at the time of the alleged crimes, and therefore under section 26, subdivision 5 of the Penal Code[1] could not be guilty of the crimes since he was not conscious of his acts.*

This proposition is untenable. ▋ An act committed by a person while in a state of voluntary intoxication is nonetheless criminal by reason of his having been in such condition. (*People* v. *Stephens,* 66 Cal.App.2d 755, 757 [152 P.2d 1019] ; *People* v. *Avanzi,* 25 Cal.App.2d 301, 302 [77 P.2d 237; Pen. Code[2] § 22.) ▋ Subdivision 5, section 26, Penal Code, is inapplicable in cases where temporary interference of the mental faculties results from voluntary intoxication. Such a situation is governed by section 22, Penal Code. (*People* v. *Taylor,* 31 Cal.App.2d 723, 732 [88 P.2d 942] ; *People* v. *Lim Dum Dong,* 26 Cal.App.2d 135, 138 et seq. [78 P.2d 1026] ; *People* v. *Sameniego,* 118 Cal.App. 165, 173 et seq. [4 P.2d 809, 5 P.2d 653].)

▋ There is no merit in defendant's contention that it was a combination of the use of an intoxicant together with his physical condition which resulted in his alleged unconsciousness. It is conceded that in the absence of the use of an intoxicant defendant was conscious of his acts. His unconsciousness resulted from his voluntary use of an intoxicating beverage, hence section 22 of the Penal Code, *supra,* is applicable to the present facts, and section 26, subdivision 5 of the

---

[1]Section 26 of the Penal Code reads in part as follows: ''All persons are capable of committing crimes except those belonging to the following classes: ... Five. Persons who committed the act charged without being conscious thereof.''

[2]Section 22 of the Penal Code reads thus: ''Drunkenness no excuse for crime: When it may be considered. No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act.''

Penal Code is inapplicable. Therefore the trial judge properly denied the motion for a new trial since the alleged newly discovered evidence, to wit, Dr. Crahan's report, would not have changed the result of the trial.

*People* v. *Freeman,* 61 Cal.App.2d 110 [142 P.2d 435], is readily distinguishable from the facts in the instant case. In the cited case defendant was unconscious due to an attack of epilepsy. Therefore subdivision 5, section 26 of the Penal Code was applicable, epilepsy clearly not being self-induced. In the present case defendant's unconsciousness was caused by his own voluntary act in becoming intoxicated. Neither is *People* v. *Cox,* 67 Cal.App.2d 166 [153 P.2d 362], applicable. In such case it was not contended that defendant was unconscious because of voluntary intoxication, but because of the fact that he had received a blow on the head inflicted by an assailant, hence clearly subdivision 5, section 26, Penal Code was applicable. (*People* v. *Cox, supra,* page 171 et seq.; see also *People* v. *Denningham,* 82 Cal.App.2d 117, 119 [185 P.2d 614].)

▮ Second: *That there is not any evidence to sustain the trial court's finding that defendant was armed with a deadly weapon at the time of the commission of the above described offenses for the reason that the gun used in the kidnapping and robbery was not introduced in evidence.*

This proposition is likewise untenable. Whenever an object, cognizable by the senses, is relevant to an issue in a cause, such object may be exhibited to the trier of fact or its existence, situation and character may be proved by witnesses. (Code Civ. Proc., § 1954.) In order to sustain a conviction predicated upon the use of a material object in the commission of a crime it is not necessary that such object itself be introduced in evidence. (*People* v. *Rous,* 118 Cal.App. 534, 536 [5 P.2d 470]; *People* v. *Mitchell,* 80 Cal.App. 252, 255 [251 P. 682]. See *People* v. *Best,* 43 Cal.App.2d 100, 103 [110 P.2d 504].)

Since the record is free from error the judgments and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.