[Crim. No. 2452. Third Dist. Jan. 5, 1954.]

THE PEOPLE, Respondent, v. WILLIAM R. LIZARRAGA, Appellant.

Peter Koutchis, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PAULSEN, J. pro tem.*—Defendant was charged with grand theft. After trial by jury he was found guilty as charged and sentenced to prison for the term prescribed by law. He appeals from the judgment.

Defendant does not deny the commission of the crime. In fact, he admitted the theft from the witness stand. His sole point on this appeal is that he should have been convicted of petty theft for the reason that the evidence did not support the implied finding that the value of the property stolen exceeded $200. (Pen. Code, § 487, subd. 1.)

On December 23, 1952, defendant and two others entered the store of Marcroft and Sons. While one of his confederates diverted the attention of the person in charge of the store, defendant walked out with a fur piece that had been on display in the front of the store. He was almost immediately apprehended.

The price marked on the tag attached to the stolen fur piece was $250 plus tax, or a total of $307. Allen Marcroft, a furrier of 25 years' experience, testified that this was a fair market price; that their prices were generally lower than those of other local fur stores. He estimated the wholesale price at $165. Mr. Beckman, another experienced furrier, estimated the fair market value of the piece at from $235 to $240 plus tax. He estimated the wholesale price at between $120 and $150.

Defendant contends that there was not a proper evaluation of the fur piece because the reasonable value was not definitely established; that the markup on furs is excessively high and that "the fair market value is not as high as the retail price or as low as the wholesale price, but substantially in between." There is also a suggestion that the jury was permitted to take the taxes into consideration but the record shows that this was not the case.

Defendant relies on *People* v. *Simpson*, 26 Cal.App.2d 223 [79 P.2d 119], in which the offense was reduced to petty theft because the only evidence of value was produced by a witness who had no knowledge of the property involved or

---

*Assigned by Chairman of Judicial Council.

of property of that kind generally. In the instant case the witnesses were admittedly competent.

██ ''The value to be placed upon stolen articles for the purpose of establishing a felony charge is the fair market value of the property and not the value of the property to any particular individual.'' (*People* v. *Latham*, 43 Cal.App. 2d 35 [110 P.2d 101].) It is sufficient if the fair market value is established by expert testimony. (*People* v. *Mitchell*, 80 Cal.App. 252 [251 P. 682].) ██ When there is a conflict in the evidence, the question is one for the jury. (*People* v. *Rice*, 29 Cal.App.2d 614 [85 P.2d 215]; *People* v. *Haney*, 126 Cal.App. 473 [14 P.2d 854].) The appeal is without merit.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.