132

[Crim. No. 2748.    Third Dist.    Sept. 30, 1957.]

THE PEOPLE, Respondent, v. KENNETH LEE BENTLEY et al., Defendants; EDGAR LEE KELLEY, Appellant.

Robert R. Elledge for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—The defendant Edgar Lee Kelley was convicted by a jury of the crime of grand theft.  He appeals from the judgment of conviction, from the order denying his motion for a new trial, and from the order granting him probation.

Appellant and his codefendant were charged by an amended information with the crime of grand theft under the provisions of section 484 of the Penal Code.  Appellant demurred to the information and also made a motion to have it set aside on the ground that he had been committed without reasonable or probable cause within the meaning of the provisions of subdivisions 1 and 2 of section 995 of the Penal Code, for thei reason that no evidence was adduced at the preliminary hear-

*Assigned by Chairman of Judicial Council.

ing to prove the value of the stolen truck. The trial court overruled appellant's demurrer and denied his motion to set aside the information.

The sole point urged on this appeal is that the motion to set aside the information should have been granted. There is no claim made that the evidence presented at the trial was insufficient to sustain the verdict or the judgment. The only evidence adduced at the preliminary hearing relating to value was the testimony of the witness Trombetta. He testified that he told appellant that the prearranged price of $1,000 would be the total he was going to pay for the truck. Appellant contends that what Trombetta was willing to pay for the truck was "inadequate evidence of value." In support of his contention he cites the case of *People* v. *Latham,* 43 Cal. App.2d 35, 39 [110 P.2d 101], which states: "The value to be placed upon stolen articles for the purpose of establishing a felony charge is the fair market value of the property and not the value of the property to any particular individual." Section 484 of the Penal Code also provides that: "In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test, . . . ."

Assuming that the trial court erred in overruling defendant's motion to set aside the information for the reasons noted, we, nevertheless, after an examination of the entire record, including the evidence, are of the opinion that no miscarriage of justice resulted. At the trial of the case the undisputed evidence was that the reasonable value of the truck was from $5,000 to $5,500. In fact, appellant joined in a stipulation that the value of the stolen vehicle was in excess of $2,000.

Although appellant has also appealed from the order denying a motion for a new trial and the order granting appellant probation he has not presented any argument or points and authorities in support of either ground of appeal.

Having examined the entire record and the evidence, we conclude that there is no merit in the appeal.

The order denying defendant's motion for a new trial and the order granting probation and the judgment are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.