Filed 6/24/16  P. v. Barrios CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063405 |
| v. | (Super.Ct.No. RIF1407010) |
| MOISES LEE BARRIOS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed.

Michael A. Hestrin, District Attorney, and Natalie M. Lough, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and Laura Arnold, Deputy Public Defender, for Defendant and Respondent.

INTRODUCTION

The People appeal from an order granting the petition of defendant Moises Lee Barrios for resentencing of his felony conviction of receiving stolen property (Pen. Code, § 496, subd. (a)) as a misdemeanor. The People contend that defendant failed to establish that the value of the property was less than $950, and the trial court therefore erred in granting the petition. We reverse.

FACTS AND PROCEDURAL BACKGROUND

During a probation search following a traffic stop on May 25, 2014, officers found six credit cards and an identification card on defendant's person; the cards did not belong to defendant, and he admitted he did not know who they belonged to. The police determined that several of the cards had been in a vehicle that was reported stolen.

Defendant was charged with receiving stolen property (§ 496, subd. (a); count 1); unlawfully acquiring and retaining access to card account information of another person with the intent to use it fraudulently (§ 484e, subd. (d); count 2); and identity theft (§ 530.5, subd. (a); count 3).[1]

On July 10, 2014, defendant entered a plea of guilty to count 1, and the other counts were dismissed. Defendant was sentenced to 16 months in state prison concurrent to his sentence in other cases. The trial court found that the factual basis for defendant's plea was his statement on the record that he had in his possession some stolen credit cards.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On November 21, 2014, defendant filed a petition for resentencing under Proposition 47 and section 1170.18. The People opposed the petition on the ground that the value of the property exceeded $950 because the credit cards had credit limits above that amount. In their opposition, the People stated that they "have spoken with the Victim in this matter who stated each of the three (3) credit cards in [defendant's] possession all had a credit limit of over $950.00."

The trial court granted the petition on the ground that the value of the credit cards was not specific, but only potential, and their intrinsic value was less than $950.

DISCUSSION

**Overview of Proposition 47 and Section 1170.18**

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered

3

the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

**Analysis**

Following the passage of Proposition 47, the crime of receiving stolen property (§ 496, subd. (a)) was reduced to a misdemeanor for qualified defendants if the value of the property did not exceed $950. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).) Defendant's petition indicated that he qualified for resentencing when the value of the property did not exceed $950, and he argues that he made a prima facie showing of eligibility, after which the burden shifted to the People. Defendant offered no evidence at the resentencing hearing.

4

We reject defendant's contention that the mere assertion of belief that the value of the property was less than $950, without supporting evidence, satisfied his burden of proof. Valuation of property for purposes of resentencing is necessarily a fact-based determination. (See *Sherow*, *supra*, 239 Cal.App.4th at pp. 877-878.)

We next examine whether the trial court nonetheless properly ruled that the value of the stolen credit cards was not over $950. In so ruling, the trial court found that the credit cards had minimal intrinsic value. This approach is currently under review by the California Supreme Court. (See *People v. Thompson* (2015) 243 Cal.App.4th 413, review granted Mar. 9, 2016, S232212.) In that case, the defendant appealed the denial of resentencing under section 1170.18 of his conviction of grand theft (§ 484e, subd. (d)) based on his unauthorized use of another person's debit card to make three purchases totaling $210.28. As to whether the defendant had met his burden of establishing that the value of the property was $950 or less as required for resentencing, the court held that the value of the access card itself was slight, only the intrinsic value of the plastic. The court in *Thompson* relied on earlier California cases that had addressed the value of various forms of property. For example, in *People v. Caridis* (1915) 29 Cal.App. 166, 167-169, the court held that the winning ticket in an illegal lottery, as a piece of paper, had slight intrinsic value to support a charge of petit larceny for its wrongful taking. And in *People v. Cuellar* (2008) 165 Cal.App.4th 833, 838-839, the court held that a fictitious check "had slight intrinsic value by virtue of the paper it was printed on"].)

However, the issue before the court in those cases was not to assign a specific value to such property, but to establish whether the property had at least some intrinsic

5

value so as to support a charge of larceny.  (*People v. Caridis*, *supra*, 29 Cal.App. at p. 169; *People v. Cuellar*, *supra*, 165 Cal.App.4th at p. 839.)  Thus, those cases are of limited value in making a determination of value as required for resentencing under section 1170.18.

The People and defendant propose alternative approaches to valuation of a stolen debit card.

The People contend that "the value of a stolen credit card should be calculated by the *intended loss and potential use* by the defendant, not the monetary value of the physical card or the amount charged by the defendant."  In so arguing, the People rely on federal appellate decisions interpreting federal sentencing guidelines under which a defendant can be sentenced to a longer term by using the credit card limit as the value of the "intended loss."  (See, e.g., *U.S. v. Sowels* (5th Cir. 1993) 998 F.2d 249, 251-252 [holding that the defendant could be sentenced to a longer term under sentencing guidelines by using the credit limit of stolen credit cards to determine the "intended loss"]; see also *U.S. v. Harris* (5th Cir. 2010) 597 F.3d 242, 256 [holding that the full credit limit of a card could be used to calculate intended loss when "a defendant recklessly jeopardizes the full credit limit of a card by transferring it to a third party whom he does not control"]; *U.S. v. Nosrati-Shamloo* (11th Cir. 2001) 255 F.3d 1290, 1292.)  Those cases are inapposite; the federal sentencing guidelines at issue expressly permit consideration of the "intended loss that the defendant was attempting to inflict" when that amount can be determined.  (See *U.S. v. Egemonye* (1st Cir. 1995) 62 F.3d 425, 428.)  The People concede that such concept of "intended loss" has no counterpart in

6

California law as a measure of the value of stolen property for purposes of section 496, subdivision (a). We therefore reject that test as the appropriate measure of the value of a stolen credit card.

Defendant has proposed a third approach, consistent with "California's settled legal standard for determining the 'value' of stolen property." That standard is "'the fair market value of the property and not the value of the property to any particular individual.'" (*People v. Lizarraga* (1954) 122 Cal.App.2d 436, 438, quoting *People v. Latham* (1941) 43 Cal.App.2d 35, 39; see also § 484, subd. (a) ["In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test."].)

Defendant further notes that when there is no legal market price for a stolen item, courts in other jurisdictions have looked to "the illegal market price" and other objective evidence in determining the value of a stolen item, including a credit or debit card and similar instruments. (See, e.g., *Miller v. People* (1977) 193 Colo. 415, 418 ["Evidence of the dollar amount which may be purchased by using the credit card without card company approval provides an objective means of evaluating the illegitimate market value of credit cards."]; *U.S. v. Tyers* (2d Cir. 1973) 487 F.2d 828, 831 [jury could properly consider street value of stolen blank money orders]; *U.S. v. Bullock* (5th Cir. 1971) 451 F.2d 884, 890 [trier of fact could consider the value of stolen money orders based on the value the defendants obtained through "legitimate channels, or at what they might bring on the thieves' market"]; *Churder v. U.S.* (8th Cir. 1968) 387 F.2d 825, 833 [the measure of value of stolen money orders was "the amount the goods may bring to the

7

thief"]; *State v. McCabe* (N.D. 1982) 315 N.W.2d 672, 676 [reasonable to believe that a stolen credit card "had a 'street value' or 'thieves' market' value in excess of $100].)

In our view, the market value approach is most consistent with existing California law. Because defendant failed to introduce any evidence on that issue, reversal is required.

DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
       Acting P. J.


MILLER
       J.

8