Filed 7/6/16  P. v. Broyles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063020 |
| v. | (Super.Ct.No. RIF1203222) |
| ALFRED G. BROYLES, JR., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed.

Michael A. Hestrin, District Attorney, and Natalie M. Lough, Deputy District Attorney, for Plaintiff and Appellant.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Respondent.

## INTRODUCTION

The People appeal from an order granting the petition of defendant Alfred G. Broyles, Jr., under Proposition 47 and Penal Code section 1170.18[1] for resentencing of his felony conviction of receiving stolen goods (§ 496, subd. (a)) as a misdemeanor. The People contend that defendant failed to meet his burden of establishing that the value of the stolen property—a credit card—was less than $950. We agree and reverse the order.

## FACTS AND PROCEDURAL BACKGROUND

On June 22, 2012, defendant was charged in a complaint with receiving stolen goods, a credit card (Pen. Code, § 496, subd. (a)—count 1), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 2), and misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)—count 3). He was also charged with an allegation of a strike prior. (Pen. Code, § 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) On July 19, 2012, defendant pled guilty to all counts and admitted the strike prior. On the plea form, defendant initialed the following statement: "Factual Basis: I agree that I did the things that are stated in the charges that I am admitting." He was sentenced to five years four months in state prison.

On November 26, 2014, defendant filed a petition for resentencing under section 1170.18. Over the People's objection that the stolen credit cards defendant possessed had a collective credit limit of more than $950, the trial court granted the petition.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Specifically, Penal Code section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

As relevant to the present case, Proposition 47 added section 490.2, which provides as follows: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor,

3

real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

*Standard of Review*

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

*Valuation of Stolen Credit Card*

The People contend that "the value of a stolen credit card should be calculated by the *intended loss and potential use* by the defendant, not the monetary value of the physical card or the amount charged by the defendant." In so arguing, the People rely on federal appellate decisions interpreting federal sentencing guidelines under which a defendant can be sentenced to a longer term by using the credit card limit as the value of the "intended loss." (See, e.g., *U.S. v. Sowels* (5th Cir. 1993) 998 F.2d 249, 251-252 [holding that the defendant could be sentenced to a longer term under sentencing guidelines by using the credit limit of stolen credit cards to determine the "intended loss"]; see also *U.S. v. Harris* (5th Cir. 2010) 597 F.3d 242, 256, [holding that the full credit limit of a card could be used to calculate intended loss when "a defendant recklessly jeopardizes the full credit limit of a card by transferring it to a third party

4

whom he does not control"]; *U.S. v. Nosrati-Shamloo* (11th Cir. 2001) 255 F.3d 1290, 1292.)  Those cases are inapposite; the federal sentencing guidelines at issue expressly permit consideration of the "intended loss that a defendant was attempting to inflict" when that amount can be determined.  (See *U.S. v. Egemonye* (1st Cir. 1995) 62 F.3d 425, 428.)  The People concede that such concept of "intended loss" has no counterpart in California law as a measure of the value of stolen property for purposes of section 496, subdivision (a).

We believe a different approach is consistent with California's settled legal standard for determining the value of stolen property.  That standard is "'the fair market value of the property and not the value of the property to any particular individual.'" (*People v. Lizarraga* (1954) 122 Cal.App.2d 436, 438, quoting *People v. Latham* (1941) 43 Cal.App.2d 35, 39; see also § 484, subd. (a) ["In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test"].)  Although our research has disclosed no published California opinion on point, we note that when there is no legal market for a stolen item, courts in other jurisdictions have looked to "the illegal market price" and other objective evidence in determining the value of a stolen item, including a credit or debit card and similar instruments.  (See, e.g., *Miller v. People* (1977) 193 Colo. 415, 418 ["Evidence of the dollar amount which may be purchased by using the credit card without card company approval provides an objective means of evaluating the illegitimate market value of credit cards."]; *U.S. v. Tyers* (2d Cir. 1973) 487 F.2d 828, 831 [jury could properly consider street value of stolen blank money orders]; *U.S. v. Bullock* (5th Cir. 1971) 451 F.2d 884,

5

890 [trier of fact could consider the value of stolen money orders based on the value the defendants obtained through "legitimate channels, or at what they might bring on the thieves' market"]; *Churder v. U.S.* (8th Cir. 1968) 387 F.2d 825, 833 [the measure of value of stolen money orders was "the amount the goods may bring to the thief"]; *State v. McCabe* (N.D. 1982) 315 N.W.2d 672, 676 [reasonable to believe that a stolen credit card "had a 'street value' or 'thieves' market' value in excess of $100"].)

In our view, the market value approach is most consistent with existing California law.  Because defendant failed to introduce any evidence on that issue, reversal is required.

DISPOSITION

The order appealed from is reversed without prejudice to subsequent consideration of a properly filed petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER                    
                                                    J.

We concur:



RAMIREZ                    
                    P. J.



CODRINGTON              
                    J.